**TEXAS HIGHWAY COMMISSION et al.,**
Appellants,

v.

**WEST TEXAS DRILLING OF HEREFORD, INC., a Corporation, et al., Appellees.**

No. 11046.

Court of Civil Appeals of Texas.

Austin.

March 13, 1963.

Rehearing Denied April 3, 1963.

Will Wilson, Atty. Gen., J. H. Broadhurst, Asst. Atty. Gen., Austin, for appellants.

Witherspoon, Aikin, Thomas & Langley, Hereford, for appellees.

PHILLIPS, Justice.

Our original opinion is withdrawn and the following opinion is substituted. This suit was brought in the 126th District Court of Travis County, Texas, by the West Texas Drilling of Hereford, Inc., a corporation, and other corporations and individuals who are water well drillers against the Texas Highway Commission, The State Highway Engineer, The Public Safety Commission, The Director of the Department of Public Safety, The Sheriff of Travis County as representative of all Sheriffs and Constables of the State of Texas, the Tax Collector of Travis County as representative of all Tax Collectors in the State of Texas. The action was brought against the above named defendants "in their official capacities" as heads of the above described offices and departments. The plaintiffs ask for a declaratory judgment in that the court construe certain provisions of Article 6675a–2, Vernon's Ann.Civ.St., hereinafter set out as to the meaning of "machinery used solely for the purposes of drilling water wells" and also for an injunction against the above

mentioned defendants, their agents and employees, prohibiting the defendants from arresting or prosecuting the plaintiffs for the operation of certain vehicles allegedly "machinery used solely for the purpose of drilling water wells" over the highways of this State. Plaintiffs further ask that the court issue a writ of mandamus ordering and commanding the defendants to authorize the County Tax Collectors to issue the limited registration plates to plaintiffs that are prescribed under Article 6675a–2, Sec. (c), for machinery used solely for the purpose of drilling water wells.

The provisions of Article 6675a–2, V.C.S., pertinent to this opinion are as follows:

"(a) Every owner of a motor vehicle, trailer or semitrailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; * * *

*   *   *   *   *   *

"(c) * * * owners of machinery used solely for the purpose of drilling water wells or construction machinery (not designed for the transportation of persons or property on the public highways), may operate or move such vehicles temporarily upon the highways without the payment of the regular registration fees as prescribed by law, provided the owners of such farm trailers and semitrailers and machinery secure for a fee of Five Dollars ($5) for each year or portion thereof a distinguishing license plate from the State Highway Department through the County Tax Collector upon forms prescribed and furnished by the department. * * *"

The Highway Department contends that the limited registration provision set out

above in section (c) of the Article applies to the drilling rig itself or clean out rig, bailing rig, mud pumps, and that if such rigs are permanently mounted on a motor vehicle, trailer or semitrailer as each of said vehicles is defined by law, then each of such units is machinery used solely for the purpose of drilling water wells and not designed for the transportation of persons or property on the public highways. Article 6684, V.C.S. authorizes the State Highway Department to determine the classifications of vehicles and the amount of fees which shall be paid therefor.

The water well drillers contend that a proper construction of the limited registration provision applies, in addition to the drilling units above described, to trucks, trailers, semitrailers and truck tractors on which are mounted water tanks and are used by the water well drillers for hauling water over the public highways (the water to be used in drilling water wells); trucks, trailers, semitrailers and truck tractors used for hauling drill stem and other equipment from one well location to another over the public highways, which trucks, trailers, semitrailers and truck tractors are designed for the purpose of hauling persons or property.

By agreement between the parties, the suit was tried on the merits and the trial court held that all machinery, vehicles, motor vehicles, trailers and semitrailers owned and used by the water well drillers and other such owners and users in the State of Texas used solely for the purpose of drilling water wells are subject to registration under the motor vehicle registration laws of the State of Texas upon the payment of the annual registration fee of Five Dollars ($5) provided for in Article 6675a–2 and that such limited registration fees are applicable to all such machinery, vehicles, motor vehicles, trailers and semitrailers as are in fact used solely for the purpose of drilling water wells, including water trucks and trailers, tool house trucks and trailers, drill pipe trucks and trailers, truck tractors

and semitrailers used solely for such purposes and any other piece of machinery or vehicle, motor vehicle, trailer or semitrailer when the same are so used solely for the purposes of drilling water wells, regardless of the fact that such machinery, vehicles, motor vehicles, trailers and semitrailers may be adaptable to or designed for other purposes as well as for the purpose of drilling water wells. It being the judgment of the court that the use made of such machinery, vehicles, motor vehicles, trailers and semitrailers is the criterion established by the Legislature for determining the type of registration applicable to such machinery, vehicles, trailers and semitrailers.

The trial court issued an order directing the Highway Department to issue the limited registration plates provided for in Article 6675a–2, Section (c) to the owners of the above mentioned machinery and vehicles and the court further enjoined all of the defendants (the Highway Department and other State and County officials) from arresting, delaying or prosecuting any of the water drillers whose machinery and vehicles described above had been registered under the limited provision of the registration Act.

In the case of Law v. Texas Delivery Service, Inc., 335 S.W.2d 653, Tex.Civ. App., 1960, writ ref., n. r. e., suit was brought by parties engaged in delivery business in Dallas and the adjoining incorporated cities against officials and employees of the Texas Department of Public Safety for declaratory judgment and injunction to restrain defendants from arresting and prosecuting them for alleged violations of the motor carrier act, based, not upon allegations that act was unconstitutional and void or that enforcement would constitute direct invasion of vested property rights but that act, if given proper interpretation, would provide them defense against enforcement and against criminal prosecution.

Pleas in abatement and to the jurisdiction filed by the defendants were overruled by the Trial Court who entered a declaratory judgment similar in effect to the judgment herein and in addition enjoined the officials of the Department of Public Safety from interfering with the operations of the appellee. On appeal the Trial Court's judgment was reversed and rendered and the cause of action was dismissed.

The court in the Texas Delivery Service, Inc. case pointed out that Art. 1690b, Vernon's Ann.Penal Code, provides for the arrest, prosecution and fine of persons violating the Motor Carrier Act, and that it is under this provision of the Act that the Department intended to enforce the law against the appellees.

The court cited Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294, which was a habeas corpus proceeding involving an injunction restraining police officials of Navarro County and the State of Texas from arresting and prosecuting haulers of cotton where the load weighed in excess of 7000 pounds. The truck haulers claimed that the law was discriminatory and that they had a right to haul loads of 11,000 pounds, the same as operators engaged in short hauls. Police officials were arrested and placed in jail for violating the injunction and appealed to the Supreme Court. The Supreme Court granted the writ and ordered the relators discharged.

The Supreme Court stated that under the well established rules of equity jurisprudence, the district judge was without authority to issue the writ of injunction to prevent the enforcement of the laws regulating the operation of motor trucks upon the highways of this State unless the petition for injunction clearly showed the existence of two facts, viz. (1) that such law is unconstitutional and void; (2) that its enforcement constitutes a direct invasion of a vested property right of the complainants. The court did not find that the allegations in plaintiffs' petition upon which the injunction was granted showed the existence of either of said requirements. No vested property right of the complainant to

use the highways was involved as they were not making the ordinary use of the highways in common with the general public and that no person can acquire a vested right to use the highways in carrying on a commercial business. See Ex parte Phares, 122 Tex. 104, 53 S.W.2d 297.

In Malone v. City of Houston, Tex.Civ. App., 278 S.W.2d 204, 1955, writ ref., n. r. e., the court in dismissing a declaratory judgment suit to set aside an ordinance prohibiting the sale of crime comic books as unconstitutional stated: "The law appears to be settled in Texas that equity will not enjoin criminal proceedings or attempt to stay the hands of police officers in enforcing criminal law except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights," citing cases.

In the case before us, the trial court restrained the defendant agents of the state from enforcement of the law relating to the registration statutes and the penalties authorized for their breach (Article 804 et seq., Vernon's Ann.Penal Code). The case falls within the prohibition set out in the cases cited. Neither are the pleadings sufficient to evoke either of the exceptions to the general rule. There is no allegation that the registration acts are unconstitutional. The allegation is that they have been misconstrued and misapplied. No vested property right has been invaded as complainants were carrying on a commercial business on the public highways and such use does not comply with the test necessary to come under the exception.

The Malone case further holds that the Uniform Declaratory Judgments Act, Article 2524-1, Vernon's Ann.Civ. Statutes, does not enlarge upon the jurisdiction of the courts.

For these reasons we must reverse this case with instructions to dismiss.

Reversed and rendered with instructions.