**Mable RICHARDSON, Appellant,**

v.

**Lon E. ALSUP et al., Appellees.**

**No. 3897.**

Court of Civil Appeals of Texas.

Eastland.

June 26, 1964.

Rehearing Denied July 17, 1964.

Abney, Howell, Abramson & Burleson, Charles B. Howell, Harrison, McKnight, Dean & Weston, Bill McKnight, Dallas, for appellant.

Waggoner Carr, Atty. Gen., Fred D. Ward, Asst. Atty. Gen., Austin, for appellees.

GRISSOM, Chief Justice.

Mable Richardson sued The Texas State Commission for the Blind, Lon E. Alsup, its Executive Secretary-Director, and the members of said Commission. Mrs. Richardson sought to compel them to issue her a license and place her in charge of a vending stand for the blind which was under the control of said Commission. The court held it did not have jurisdiction and dismissed the case. Mrs. Richardson has appealed.

James A. Richardson, the husband of appellant, obtained a license from said Commission to operate the vending stand and was operating it when he died in 1961. Upon his death the Commission took charge ·of the stand and the supplies therein, which were owned by the Commission, licensed another blind man ·to operate the stand

and placed him in charge. Mrs. Richardson's application for a license to operate the stand was denied.

Under Article 678d said Commission is authorized to issue licenses to blind people qualified to operate vending stands under control of the State Commission. The statute does not provide for judicial review of the action of the Commission in refusing to issue a license to appellant. When a statute does not authorize an appeal from the orders of an administrative agency the right of appeal does not exist unless the order violates some constitutional provision or adversely affects property rights of the person affected by the order. No property rights of Mrs. Richardson were involved. She did not inherit any property right in the operation of the stand from her husband and no constitutional provision was violated by said act of the Commission. Mrs. Richardson was never licensed. Neither she nor her husband owned any property involved in the case, therefore, she had no right to appeal from the order of the Commission refusing to license her and place her in charge of the stand. Appellant is in the same position as any other blind person in Texas who may apply to the Commission for a license to operate said vending stand.

Appellant relies upon the holding in Frost v. Corporation Commission, 278 U.S. 515, 73 L.Ed. 483, 49 S.Ct. 235, to support her contention that she has the right to appeal from said order. In that case the appellant had a permit to operate a gin and it was held that because his permit was a valuable property right he could enjoin the Commission from issuing a permit to a competing gin company which had not complied with statutory requirements. That decision is not applicable here because appellant never had a license. She had no property or property right in the stand. Appellant cites other decisions in support of her contention that she had a vested property right of which she was deprived

by the decision of the Commission. Appellant had no property rights in the vending stand. She had no license to operate it. She had no right to appeal from the decision. See Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177; Davison v. State of Texas, 166 Tex.Cr.R. 376, 313 S.W.2d 883.

Appellant has presented a most able and interesting brief that contains other points which become immaterial under our holding that she has no right to appeal from the order of the Commission.

The judgment is affirmed.