**TEXAS OYSTER GROWERS ASSOCIA-TION et al., Appellants,**

v.

**Will E. ODOM et al., Appellees.**

**No. 11254.**

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1965.

Rehearing Denied Jan. 27, 1965.

Ryan & Eckhardt, Houston, for appellants.

Waggoner Carr, Atty. Gen., J. Arthur Sandlin, Howard Fender, Jim Briscoe, Wayne R. Rodgers, Asst. Attys. Gen., Black & Stayton, Austin, Dyche, Wheat, Thornton & Wright, Hamblen & Hamblen, Bracewell, Reynolds & Patterson, Baker, Botts, Shepherd & Coates, Hugh M. Patterson, Liddell, Austin, Dawson & Sapp, Houston, Keith, Mehaffy & Weber, Beaumont, Vinson, Elkins, Weems & Searls,

Raymond J. Fields, Dave McNeill, Jr., Houston, for appellees.

ARCHER, Chief Justice.

Appellants filed this suit to contest the validity of an order of a State Commission, appellees herein, granting dredging permits, and contended that dredging pursuant to such permits injured and destroyed shell reefs from which appellants harvest oysters for sale, and sought a declaratory judgment finding the order to be of no effect, and for injunction.

The Court dismissed the action upon a plea to the jurisdiction.

The appeal is founded on one point and is: That the trial court erred in sustaining the plea to the jurisdiction asserted by Commissioner Defendants and in dismissing the cause as to all parties upon the basis of the Court's opinion "that it is without jurisdiction to hear said cause."

Appellants asserted that they had a right to proper process in accordance with statutory standards and conducted in such a way as to afford them due process of law in a State agency's proceedings which directly affected their business.

Further allegations were that, under the order, dredgers operated in such way as to deposit heavy layers of silt, resulting in great injury to the oyster beds affected.

 Appellants concede that the State may either grant or refuse the privilege of exploitation of the resources of its bays, but that a permit once granted, one may lawfully build a business and may insist upon procedural due process where such business is adversely affected by administrative action and can resort to the Courts for relief. The Legislature has declared that all natural oyster beds and oyster reefs are public. Acts 1919, 36th Leg., 2d Called Sess., Chap. 73, Sec. 8, Vernon's Ann.Civ. St., Supp.1922, art. 3981, now Article 4027, Vernon's Ann.Civ.St. and Article 4053 as amended in 1963.

Appellants take the position that the Commissioners' action is not within the rule of immunity of the State from suit, and cite Cobb v. Harrington, 144 Tex. 360, 190 S.W. 2d 709, 172 A.L.R. 837.

Appellees say that the action of the Commission in selling the shell dredged more than 300 feet from live oyster beds or reefs is not subject to judicial review; that since the statute does not provide for a hearing before the Commission that appellants were not deprived of procedural due process; in any event due process was afforded appellants by a hearing held by the Commission at which hearing the appellants had the opportunity to have written questions propounded to adverse witnesses; that appellants do not have such vested property right as to give them any litigable interest in the present controversy; and finally that appellants' suit is one against the State and the State has not waived its sovereign immunity. The Court correctly dismissed the action. Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324, Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838.

 The plaintiffs seek to cancel contracts made by the Commission with the dredgers for the benefit of the State and is a suit against the State.

The Statute herein involved does not provide for a statutory appeal and the Court has no jurisdiction. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788.

The plaintiffs are three unincorporated associations of commercial oystermen and fishermen, four clubs of fishermen for sport, one seafood buyer, four fish camp operators and a corporation "established for the purpose * * * of bringing this suit." (Plaintiffs' Original Petition in Cause No. 135,160 in the 126th District Court of Travis County.)

The order complained of by appellants was heard by the Commission on September 30, 1963, on the application of W. D. Haden Company and three other companies for a permit to purchase and carry away shell in

the territory designated as Galveston and Trinity Bays and states that substantial evidence, oral and written, was received by the Commission, and that the Commission had obtained pertinent information and data from other sources. The order also states that notice was given and that the Commission found that the taking of shell or mud shell in the designated territory will not damage or injuriously affect any live oysters, oyster beds or fish, and limited such performances nearer than 300 feet of such beds, etc.

The Commission reserved the right to rescind or modify the order at any time.

We believe that the trial court was justified in dismissing the suit.

The appellants have no vested property right in the permits they have to produce the oysters and therefore, do not have a litigable interest in the controversy.

The power to sell shell and mud shell found in the public waters of the State has been conferred upon the Commission and the appellants cannot override the discretion exercised by the Commission in the sale of the shell and mud shell, and it is a suit against the State. W. D. Haden Co. v. Dodgen, supra; Texas Highway Commission v. West Texas Drilling of Hereford, Inc., Tex.Civ.App., 366 S.W.2d 242, er. ref., n. r. e.; Richardson v. Alsup, Tex.Civ.App., 380 S.W.2d 923, er. ref.

The order complained of is not appealable. Moody v. Texas Water Commission, Tex.Civ.App., 373 S.W.2d 793, er. ref., n. r. e.

Hearings for a State Commission are informal.

From an examination of the record, it is apparent that everyone who desired to speak was accorded such privilege. Texas Highway Commission v. Texas Association of Steel Importers, 372 S.W.2d 525 (Tex., Supreme Court).

Since the judgment of dismissal in this case plaintiffs have filed another suit in Cause No. 136,294 in the 53rd Judicial District Court of Travis County with the same defendants as are in the cause before this Court now.

The judgment of the trial court is affirmed.

Affirmed.