Mable RICHARDSON, Appellant,

v.

Asher THOMPSON et al., Appellees.

No. 16481.

Court of Civil Appeals of Texas.

Dallas.

April 16, 1965.

Rehearing Denied May 28, 1965.

Bill M. McKnight and Charles Ben Howell, Dallas, for appellant.

Dee J. Kelly, Fort Worth, Waggoner Carr, Atty. Gen., and Hawthorne Phillips, Stanton Stone, J. C. Davis, Dean Arrington, Asst. Attys. Gen., Austin, for appellees.

DIXON, Chief Justice.

Mrs. Mable Richardson, a blind person, plaintiff in the trial court, has appealed from a summary judgment adverse to her in her suit for damages against the Executive Director and the members of the Texas State Commission for the Blind in their individual capacities.

The suit was originally brought against the Commission and its Executive Director in their official capacities as well as against them individually. On motion of appellees the two causes of action were severed.

The action against the Director and Commission in their official capacities was in the nature of an attempted appeal from an order of the Commission denying Mrs. Richardson a license to operate a vending stand and refusing to place her in charge of a Commission owned stand located in the Terminal Annex Post Office in Dallas, Texas. The trial court held that appellant had no right to appeal from the decision of the Commission and dismissed her suit. On appeal the judgment was affirmed. Richardson v. Alsup, Tex.Civ.App., 380 S.W.2d 923 (writ refused).

In the suit against the Director and members individually, which is the cause now before us on appeal, Mrs. Richardson sues individually and as community survivor of her husband, James A. Richardson, deceased. In this suit Mrs. Richardson alleges that Lon E. Alsup, Executive Director, and himself a blind person, and the members of the Commission individually violated her rights under 42 U.S.C.A. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States by arbitrarily and unlawfully denying her a license to operate a vending stand and refusing to place her in charge of the stand in the Terminal Annex Post Office.

Appellant's husband, James A. Richardson, a blind person, operated the stand in controversy from 1938 until his death in 1961. Originally he had been the owner, but in 1946, some time after the creation of the Texas State Commission for the Blind, James A. Richardson sold his property to the Commission and thereafter operated the stand as a licensee of the Commission.

The contract between James A. Richardson and the Commission dated September 25, 1945 among other things provides that the right to operate the stand shall be personal only to the operator and may be terminated at any time by the Commission. The contract also provides that the Commission is to furnish necessary equipment and initial stock subject to certain terms, among them being the following: (a) operator is not to represent himself as owner of the business or to part with possession of any part of the property; (b) he is not to alter the equipment without consent of the Commission; (c) he is to surrender the equipment at any time to the Commission in good order and condition; and (e) upon termination of the operator's employment all equipment and stock remains the property of the Commission.

Soon after the death of James A. Richardson in 1961 Alsup, the Commission's employed Executive Director, dispatched R. C. Womack, a subordinate employee, to take temporary charge of the stand and to take an inventory pending arrangements for its permanent assignment to some blind person duly licensed as an operator by the Commission.

Mrs. Richardson was reluctant to surrender possession to Womack, as she desired to operate the stand herself as her husband's successor. Womack then talked to Alsup at Austin, Texas by long distance telephone and received instructions to take over the stand at once as Mrs. Richardson

did not have a license to operate a vending stand. After some discussions Mrs. Richardson finally allowed Womack to take possession of the stand. Within a few days a blind person named Goodman was chosen as the permanent operator of the stand.

On August 29, 1961 Mrs. Richardson telegraphed the Commission that she desired to operate the stand. She was informed that the position had been filled and that the next meeting of the Commission would be held on September 16, 1961 in Austin, Texas.

At the hearing in Austin Mrs. Richardson appeared with counsel and put on evidence seeking to have a license issued to her to operate the stand in the Dallas post office. The Commission issued a formal order denying her application.

Since Mrs. Richardson claims that the Commission members acted unfairly in denying her application we deem it advisable to quote the order in full:

"Mrs. Mable Richardson's application for a license to operate a vending stand under the Business Program of the State Commission for the Blind was considered by the Commission at its regularly scheduled meeting on September 16, 1961. The Commission, after hearing the evidence presented to it by and on behalf of Mrs. Richardson, makes the following findings of fact with regard to her application: No formal application was presented to the Commission by Mrs. Richardson requesting a license to operate a vending stand under the Commission's program other than by telegram. No certificate as required by the regulations and statutes was presented as to Mrs. Richardson's qualifications to be licensed by the Commission. The Commission finds further that the vending stand for which Mrs. Richardson has applied is not available, since such vacancy was filled on Au-

gust 25, 1961, by the Commission. On the basis of these facts the Commission rules that is unable to license Mrs. Richardson at this time. The Commission recommends that Mrs. Richardson make a formal application as required by law at which time on the basis of the evidence presented before the Commission, it is felt that such license could be granted. And the Commission states that once licensed, Mrs. Richardson's name would be considered for placement in a vending stand along with other qualified licensees in Dallas area or any other area suitable to her. Signed, Asher Thompson, Chairman."

After the issuance of the above order Mrs. Richardson filed this suit against Director Alsup and the members of the Commission.

The record before the trial court and before us consists of the pleadings of the parties, affidavits, exhibits, answers to requests for admissions and the testimony of Mrs. Richardson at an earlier plea of privilege hearing.

OPINION

In three points on appeal Mrs. Richardson asserts that (1) she has stated a cause of action; (2) appellees failed to comply with Rule 166-A, Texas Rules of Civil Procedure in order to entitle them to a summary judgment; and (3) the court erred in refusing to consider a statement of facts from the public hearing before the Commission.

Mrs. Richardson claims that she has stated a cause of action for damages under 42 U.S.C.A. § 1983. That statute provides that every person who under color of any statute, etc. of any state subjects any citizen to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proceeding for redress.

In her petition Mrs. Richardson alleges that Director Alsup deliberately and arbitrarily excluded her from consideration as operator of the vending stand in the Dallas Post Office Annex; that he was prejudiced against her because she had been active in various organizations for blind persons; had been outspoken in seeking improved procedures by speaking and writing to various persons, including legislators; and the members of the Commission acted unfairly and arbitrarily in denying her application.

■ We need not concern ourselves here with the question of whether Mrs. Richardson in her petition has alleged a cause of action. Pleadings are not evidence of the truth of their own allegations. The very purpose of summary judgment proceedings is to pierce the pleadings and to determine by evidence whether there is any genuine issue of material fact in the case. If the undisputed facts disclose that there is no genuine issue of material fact the moving party is entitled to judgment as a matter of law. Rule 166-A, T.R.C.P.; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015, 1017.

■ In this case the undisputed facts disclose that appellees, the moving parties, are entitled to judgment notwithstanding the allegations in Mrs. Richardson's petition. That being so we see no need to determine whether her petition alleges a cause of action, since the answer to that question cannot determine our decision.

A study of the whole record convinces us that Mrs. Richardson's second point on appeal is without merit. In reaching this conclusion we have carefully considered the undisputed facts and the statutes, rules and regulations, both State and Federal, governing the licensing of blind persons by the Texas State Commission for the Blind.

Articles 3207a, 3207b, 3207c and 678d, Vernon's Ann.Civ.St. are the pertinent State statutes in this case. They provide for the creation and operation of the Commission. The duties of the Commission are to establish a vocational rehabilitation program for the blind; to cooperate with, enter into agreements with, and to adopt methods of administration of the Federal Government in carrying out such agreements; to provide rehabilitation services for blind residents who make application and who are found to be eligible under the terms of any agreement between the State and Federal Governments; and to provide for each licensed blind person a vending stand, equipment and initial stock of suitable articles to be vended provided that the ownership of equipment shall remain the property of the Commission.

In 1955 the Commission applied for and received designation under the Randolph-Sheppard Vending Stand Act, 20 U.S.C.A. § 107 as a state licensing agency for the operation of vending stands for blind persons on Federal or other property. The State's application provided that (1) all of the merchandise and equipment in a vending stand should be furnished by the state agency; (2) all right, title and interest in a vending stand should be owned by and title maintained by such state agency; (3) *licenses may be issued only to blind persons who are certified as qualified under the Rehabilitation Division of the State Blind Commission; and (4) no person could operate a vending stand without a license.*

Part 403 of Title 45, Code of Federal Regulations pertains to the issuance and the terms for issuing licenses. We quote in part from it:

"403.6 * * * The rules and regulations of the licensing agency shall further provide: (a) Objective criteria for licensing qualified applicants, * * *. Such criteria shall also include provisions to assure that licenses will be issued only to persons who are determined by the licensing agency to be:

* * * * * *

(4) *Certified by the State vocational rehabilitation agency as qualified to*

*operate a vending stand."* (Emphasis supplied) Fed.Reg., Saturday, April 9, 1955.

The record shows without dispute that appellant had not been certified as qualified by the Vocational Rehabilitation Division of the Commission to operate a vending stand. She admits that she holds no license to operate a vending stand and did not hold a license at the time of her husband's death. She admits she has not made a formal application to receive a license.

■ In view of the undisputed facts it is clear that Mrs. Richardson had no property rights in the vending stand in question. Richardson v. Alsup, Tex.Civ.App., 380 S. W.2d 923. She was not eligible to receive a license. The Executive Director and the Commission would have violated the statutes, rules and regulations both State and Federal if, in the face of the undisputed facts, they had issued a license to Mrs. Richardson.

■ The general rule is that public officers and employees are not personally liable to individuals for acts performed within the scope of their duties. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Gregoire v. Biddle et al, 2 Cir., 177 F.2d 579; Morgan v. Sylvester, D.C., 125 F.Supp. 380, (aff. 2 Cir., 220 F.2d 758); Simons v. O'Connor, D.C., 187 F.Supp. 702; Pridgen v. Giles, Tex.Civ.App., 267 S.W.2d 187; Morris v. Nowotny, Tex.Civ. App., 323 S.W.2d 301. Alsup, the Director, is a public officer. Art. 3207c, Sec. 3, V.A. C.S. He was doing his duty as a matter of law when he sent Womack, a Commission employee, to take over the Commission owned stand, pending permanent arrangements for its future operation by a licensed operator. The Commissioners were doing their duty as a matter of law when they denied Mrs. Richardson's application.

The Commission's order is certainly not unreasonable or harsh. In fact it is almost a promise that Mrs. Richardson will be granted a license and a vending stand in the Dallas area will be provided for her if she will only comply with the prerequisites for the issuance to her of a license. Appellant's second point is overruled.

■ We see no error in the exclusion from the record of the so-called testimony before the Commission at the hearing on September 16, 1961. A transcript of said testimony has been sent up along with the record in this appeal. We have read the transcript. It is replete with hearsay statements, irrelevant remarks, statements by unsworn persons, immaterial exhibits and evasive answers. The Commission is not a judicial tribunal. It does not limit its hearings by judicial rules of evidence. On the other hand, a court trial is to be governed by evidence admissible in court of the events constituting the basis for a cause of action. State v. St. Louis S. W. Ry. Co. of Texas, Tex.Civ.App., 165 S.W. 491; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681; Railroad Comm. v. Rau, Tex. Civ.App., 45 S.W.2d 413; Miller v. Tarry, Tex.Civ.App., 191 S.W.2d 501.

■ However, if we be mistaken in the above holding we must still overrule appellant's third point for the exclusion of the evidence was harmless. Rule 434, T.R.C.P. The testimony in question brings out nothing to change the decision in this suit. In substance the same testimony, so far as it is relevant, is shown in Mrs. Richardson's testimony at the hearing on the plea of privilege. Appellant's third point is overruled.

The judgment of the trial court is affirmed.