

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 12, 1967

Honorable Jack Hightower
Chairman, Game & Fish Committee
Texas Senate
Austin, Texas

Dear Senator Hightower:

Opinion No. M- 72

Re: Validity of that portion
of Senate Bill 462 of the
60th Legislature providing
for cancellation of per-
mits to dredge shell or
mudshell in certain areas.

Your request for an opinion reads as follows:

"Attached are copies of Senate Bill 462
and Committee Substitute for Senate Bill 462.
I would appreciate an opinion regarding the
constitutionality of cancellation of permits
which would result from passage of this bill."

Senate Bill 462 of the 60th Legislature amends Article
4053, Revised Civil Statutes of Texas, 1925, as amended, by
adding a new Section 2A, which provides that no permits to dredge
shell or mudshell in certain areas shall be granted. Subsection
(b) contained in Committee Substitute for Senate Bill 462 reads
as follows:

"(b)  Every permit issued before the ef-
fective date of this section is hereby revoked
to the extent that it grants any authority in
conflict with the statutory conditions stated
in Subsection (a) of this section."

Subsection (f) of Senate Bill 462 reads as follows:

"Every permit issued before the effective
date of this section is hereby revoked to the
extent that it grants any authority in conflict
with the statutory conditions stated in Sub-
sections (d) or (e) of this section."

- 330 -

Subsection (a) referred to in the Committee Substitute and Subsections (d) and (e) referred to in Senate Bill 462 are those subsections prohibiting the issuance of permits to dredge shell and mudshell in certain areas designated therein. You have requested our opinion on the validity of those portions of Senate Bill 462 and the Committee Substitute for Senate Bill 462 above quoted.

Article 4051, et seq., Vernon's Civil Statutes, authorize the issuance of permits to dredge in waters of this State shell or mudshell under certain conditions prescribed by the Legislature. Senate Bill 462 of the 60th Legislature, if enacted, would amend Article 4053 so as to prohibit the issuance of such permits in certain waters of the State, and the provisions which you inquire about, if enacted, would revoke permits heretofore issued by the Parks and Wildlife Commission rather than merely prohibiting the issuance of any permits from and after the effective date of Senate Bill 462.

The State may either grant or refuse the privilege of exploitation of the resources of Texas bays and other public waters. Texas Oyster Growers Association v. Odem, 385 S.W.2d 899 (Tex.Civ. App. 1965, error ref. n.r.e.). In W. D. Haden v. Dodgen, 158 Tex. 74, 308 S.W.2d 838 (1958), the Court stated at page 842:

". . .Power to sell mudshell is conferred by statute on the Game and Fish Commission of Texas. Article 4052 provides that the Commission 'shall have full charge and discretion over all matters pertaining to the sale' of mudshell and other deposits. Art. 4053d provides that with approval of the Governor the Commission may sell 'upon such terms and conditions as he /‾it‾/ may deem proper.' There is no statutory provision governing or limiting the manner of sale. So far as the statutes are concerned the Commission may sell by contract, mutually binding on the State and the vendee, or by permit revocable and amendable at the will of the Commission. Its selection of the manner of making sales as well as its decision as to whether the manner it has followed constitutes a valid contract is the selection and decision of the State; and however incorrect the latter decision may be, a suit to test it by seeking enforcement of contract rights is necessarily a suit against the State which cannot be maintained without legislative permission." (Emphasis added.)

In view of the foregoing, the Parks and Wildlife Department may grant the privilege of exploitation of the resources of the public waters in the State by permits revocable and amendable at the will of the Department. Thus a person granted a permit does not acquire any rights which may not be revoked by the State.

Therefore, you are advised that under the provisions of Senate Bill 462 of the 60th Legislature and the Committee Substitute for Senate Bill 462, if enacted, the State is merely exercising its authority to refuse the privilege of exploitation of the resources of the public waters of the State. The bill does not affect any contract for sale of property of the State by contract mutually binding on the State and a vendee, but only affects permits which are revocable and amendable at the will of the State. You are therefore advised that the provisions of Senate Bill 462 and provisions of the Committee Substitute for Senate Bill 462 are constitutional.

## S U M M A R Y

Senate Bill 462 of the 60th Legislature and the Committee Substitute for Senate Bill 462 providing for cancellation of permits granted by the Parks and Wildlife Department pursuant to the provisions of Articles 4051, et seq., Vernon's Civil Statutes, if enacted, are constitutional since their provisions do not apply to any contract of sale, but only affect permits revocable and amendable at the will of the State.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman

Pat Bailey
William J. Craig
Neal Williams
Houghton Brownlee

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.