Jerry SADLER, Commissioner of the General Land Office of the State of Texas, Appellant,

v.

O. L. AKIN and Melvin L. Carden, Individually and as Assignees of Tomie Akin, Appellees.

No. 11747.

Court of Civil Appeals of Texas, Austin.

March 25, 1970.

Rehearing Denied April 15, 1970.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Houghton Brownlee, Jr., and James H. Quick, Asst. Attys. Gen., Austin, for appellant.

Henry T. Ray, Amarillo, for appellees.

PHILLIPS, Chief Justice.

This suit was filed in the district court as an appeal from an order of Jerry Sadler, Commissioner of the General Land Office, cancelling four mineral prospecting permits and forfeiting a mining lease pursuant to Vernon's Ann.Tex.Rev.Civ. Stat.Ann. art. 5421c–7.

After overruling the State's plea in abatement that the suit was against the State without prior legislative permission having been obtained, the trial court granted Plaintiff's-Appellees' Motion for Summary Judgment from which the State has perfected its appeal to this Court.

We reverse the judgment of the trial court and dismiss the suit against the Commissioner.

Among the State's several points of error is that of the trial court in holding that the Plaintiff's-Appellees' cause of action was not a suit against the State of Texas without legislative permission.

We sustain this point.

The gist of Appellees' suit against the Commissioner of the General Land Office asked that the forfeited prospecting permits and mineral leases be declared valid and "in full force and effect" and that the cancelled permit or lease be "reinstated."

Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S.W. 813 (1923), held as follows:

"Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought and in which a judgment for plaintiff, although nominally against defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state."

In W. D. Haden Company v. Dodgen, 158 Tex. 74, 308 S.W.2d 838 (1958), the Court stated:

"It thus appears that the rule of Cobb v. Harrington does not apply when, as stated in the Herring case, the suit is against state officers and its purpose or effect 'is to establish the validity of a contract of the state, or to enforce through them the performance of a contract of the state, or to require acts to be performed by them which would impose contractual liabilities upon the state.'"

Cobb v. Harrington, is reported in 144 Tex. 360, 190 S.W.2d 709 (1946). Also see this Court's opinion in Tide Water Associated Oil Co. v. Giles, 277 S.W.2d 291 (Tex.Civ.App., Austin, 1955, writ ref'd, n. r. e.) and Texas Oyster Growers Association v. Odom, 385 S.W.2d 899 (Tex.Civ. App., Austin, 1965, writ ref., n. r. e.).

The judgment of the trial court is reversed and the cause dismissed.

Reversed and cause dismissed.