**Burton G. HACKNEY et al., Appellants,**

v.

**Mary Jane MEADE, a feme sole, Appellee.**

**No. 11811.**

Court of Civil Appeals of Texas, Austin.

March 31, 1971.

Rehearing Denied May 5, 1971.

**342**

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis and Ivan R. Williams, Jr., Asst. Attys. Gen., Austin, for appellants.

Mabel Spellman Barber, Legal Aid Atty., Bernard Cohen, Asst. Legal Aid Atty., Dallas, for appellee.

PER CURIAM.

Appellee, Mary Jane Meade, filed suit against appellants Burton G. Hackney, Commissioner of Welfare of the State of Texas and other welfare officials for assistance payments pursuant to Article 695c, Section 16–B, Vernon's Ann.Civil Statutes, after appellants had determined administratively that appellee was not entitled to such assistance. Upon trial to the district court in Travis County, judgment was entered for appellee.

We reverse and render.

Appellants' brief contains five points of error. Because we sustain the first point, consideration of the remaining points is unnecessary. Appellants' first point claims that the trial court was without jurisdiction to review the administrative decision of appellants. We agree.

Article 695c, Section 16–B, V.C.S., does not provide for judicial review of an order of appellants denying an application for assistance payments.

There is no right of appeal from an administrative order unless the statute provides for appeal or unless the order violates a constitutional right or adversely affects a vested property right. Stone v. Texas Liquor Control Board, 417 S.W.2d 385 (Tex.1967), Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747 (1961), City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951), Richardson v. Alsup, 380 S.W. 2d 923 (Tex.Civ.App., error ref.).

Appellee has no "vested property right" to the assistance she applied for.[1] City of Amarillo v. Hancock, supra. Richardson v. Alsup, supra. "Relief or public assistance is not a vested property right held by any person or group of persons. Russell v. City of Providence, 7 R.I. 566. It is a gratuity from the state made to those whose status and condition measured by standards promulgated by the State Board of Public Assistance show an urgent need for financial aid in order to maintain the highest degree of public health, morals and general welfare." Sweeney v. State Board of Public Assistance, 36 F.Supp. 171 (D.C.Pa. 1940) affirmed 119 F.2d 1023 (3 Cir.), cert. denied 314 U.S. 611, 62 S.Ct. 74, 86 L. Ed. 491.

Reversed and rendered.

1. Appellee relies upon a footnote in a majority opinion of the United States Supreme Court for the proposition that it may be more realistic today to regard welfare benefits as "property" rather than as a "gratuity." Goldberg v. Kelly, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed. 2d 287 (1970).