Leroy WILSON, Appellant,

v.

Burton G. HACKNEY, Commissioner of the Texas Welfare Department, et al., Appellees.

No. 11858.

Court of Civil Appeals of Texas, Austin.

June 23, 1971.

**936**

F. Patrick Hubbard, John Scanlan, Austin, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, Ivan R. Wil'iams, Jr., Asst. Attys. Gen., Austin, for appellees.

PER CURIAM.

This appeal concerns the character of administrative hearing to be accorded by the Texas State Department of Public Welfare to applicants for Aid to the Permanently and Totally Disabled, under Article 695c, Section 16–B, Vernon's Ann.Civil Statutes.

Leroy Wilson, appellant, appealed to the District Court of Travis County from an adverse ruling by the Hearing Officer of the Texas State Department of Public Welfare, hereafterwards called, "Department." In his petition, appellant claimed that he was denied procedural due process under the 14th Amendment to the Constitution of the United States.[1]

Appellant's prayer for relief included, among other things, a request for a permanent injunction "which voids the illegal hearing and orders defendants to give plaintiff a new and fair hearing," and "to declare that defendants' decision was arbitrary, and that defendants' hearing was unconstitutional and illegal."

Appellant then filed a motion for summary judgment which was granted by the District Court. The summary judgment order provided that appellant have a "new and fair hearing consistent with Due Process of Law." In the apparent belief that the appellant's petition requested relief in

---

1. Appellant alleged those infringements to be: (1) that the decision denying him assistance was based upon two medical reports, neither of which were furnished to him; (2) that opinions of two physicians and opinions of appellees' "Medical Services Division" were the basis for the decision denying him assistance and that these persons were not made available at the hearing for appellant to confront and cross-examine; (3) that the decision denying appellant assistance was not made by an impartial officer; (4) that appellee's "Medical Services Division" had not had the benefit of a medical report from a Dr. Mott at the time of its recommendation and (5) that appellee's decision was "arbitrary and capricious."

the nature of a declaratory judgment, the District Court ordered further that the "Fair Hearing" should provide:

"(1) That Plaintiff be given the opportunity to examine and produce all documents and records relied upon by the Defendant Welfare Department in making its decision within a reasonable time prior to said hearing;

(2) The FAIR HEARING must be conducted by an impartial official of the Department of Public Welfare, in that the person conducting the hearing shall not have been connected in any way with previous actions or decisions on which the appeal is made;

(3) The Plaintiff or his representative shall have an opportunity to present evidence and advance arguments in his behalf;

(4) In the event the Defendant bases its final decision or order in whole or in part on written reports which are presented and considered at the hearing, the Defendant is not required to compel the attendance at such hearing of those persons who prepared such reports so as to afford the Plaintiff or his representative the right to confront and examine such persons.

(5) Both parties shall have an opportunity to examine all witnesses who are present at the hearing;

(6) That the hearing officer's final decision shall be based exclusively on evidence adduced at the hearing."

Appellant prosecutes this appeal based upon (4) above.

Although it is not a matter briefed or argued here, we have some reservation concerning the jurisdiction of the trial court to declare the elements of a "Fair Hearing" at the administrative level in view of the holdings in Firemen's Insurance Company of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Tex.1968) and in United Services Life Insurance Co. v. Delaney, 396 S.W.2d 855 (Tex.1965). These cases appear to extend the familiar rule that the judicial power does not embrace the giving of advisory opinions. At this point, however, we believe that the administration of justice will best be served by passing upon appellant's point.

The facts pertinent to this appeal are as follows. Appellant applied to the Department for assistance. In accordance with the usual procedure appellant was examined by a Dr. Conner and interviewed by a social worker, and the reports of each were submitted for evaluation to the "Medical Services Division" of the Department. After an examination of these reports, the "Medical Services Division" denied appellant's application. Appellant then requested a "fair hearing" as provided for by the Department's "Form 20." At that hearing appellant, represented by counsel, produced additional evidence to support his claim of eligibility. The Hearing Officer adjourned the hearing and submitted appellant's additional evidence to the "Medical Services Division." At the suggestion of the "Medical Services Division" appellant was examined by another physician, Dr. Frederick Lowry.

Dr. Lowry sent his medical report to the "Medical Services Division" which report was abstracted into the report of the "Medical Services Division" which was furnished to the Hearing Officer. The "Medical Services Division" recommended that appellant was not sufficiently handicapped to be eligible for assistance.

The hearing on appellant's case was reconvened, and appellant submitted a medical report of a Dr. Mott which was to the effect that appellant was handicapped to the point of being eligible for assistance. At this final phase of the hearing appellant's attorney requested an opportunity to examine the medical report of Dr. Lowry, which was denied, though the hearing officer did read to him that portion of Dr. Lowry's report which had been abstracted in the "Medical Services Division" report. Appellant's attorney also objected to the

admission of the "Medical Services Division" report on the basis that he was afforded no opportunity to cross-examine those persons in the "Medical Services Division" who made the determination of eligibility.

The Department's "Form 20" titled, "Statement of Appellant's Rights in Hearing Proceedings," provides in part, "The appellant and/or his legal representative are entitled to examine, prior to the hearing, the material that will be introduced as evidence and to examine all documentary evidence used during the hearing, to bring witnesses, to establish all pertinent facts and circumstances, and to advance any argument, and to question or refute any testimony or evidence."

There are no provisions in Art. 695c, Section 16–B, Vernon's Civil Statutes, empowering the Department to subpoena witnesses.

Appellant claims that due process requires that the Department make available for cross-examination those persons who make reports relied upon by the Hearing Officer. The Department maintains, however, that its inability to compel the attendance of witnesses at hearings and that the additional expense involved in paying witness fees justify its not making available at the hearing those persons.

■ Due process requires an opportunity in an administrative hearing of this character to confront and cross-examine adverse witnesses. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). See 47 North Dakota Law Review 209, The Supreme Court Review 1970, p. 161. In Goldberg, the issue concerned termination, rather than initiation of welfare assistance, but we think that distinction immaterial since the rejected applicant is in need of the protection of confrontation as much as is the recipient threatened with termination. The quality of the hearing afforded to appellant at the administrative level is especially important since ordinarily those persons in appellant's position will have no right to judicial review of the evidentiary decisions of the Hearing Officer. Hackney v. Meade, 466 S.W.2d 341 (Tex.Civ.App., Austin, 1971, writ applied for).

As we understand the record, the report of Dr. Lowry was standard i. e. medical history, physical examination and diagnosis. The Medical Services team actually made the judgment determination of whether appellant's condition qualified him in terms of the statute for assistance (whether the presence or services of another person in the performance of the usual activities of daily living was required) based upon the medical reports and other evidence.

■ The requirements of due process are satisfied by furnishing to the appellant copies of the medical reports, and by making available for examination that person, or those persons, in the "Medical Services Division" who made the determination of appellant's ineligibility. We construe the Department's Form 20 to require that appellant be furnished a copy of the medical reports. The "Medical Service Division," not the physician, makes the subjective judgment of eligibility, and it is at that point in the administrative process that some form of confrontation is required. We are not to be understood to require that the person or persons in the Medical Services Division making the determination of eligibility be invariably available at the time of hearing in the sense of a formal cross-examination as known in the trial practice, but rather he, or they, could be made available to appellant at a pre-hearing conference or by some form of discovery akin to that afforded by the Texas Rules of Civil Procedure. The record of the pre-hearing conference or the discovery evidence could then be introduced into evidence at the time of the hearing. By this procedure appellant's due process objections are met, and the Department's administrative costs are minimized.

The judgment of the trial court is modified, and as modified, is affirmed.

Modified, and as modified, affirmed.