

# The Attorney General of Texas

JIM MATTOX
Attorney General

April 8, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Erwin W. Barton
Chairman
Human Services Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-470

Re:  Constitutional validity of a
municipal ordinance which requires
participants in a medical assis-
tance program to apply for other
available benefits

Dear Representative Barton:

You ask whether the Similar Benefits Rule which is incorporated
in the Medical Assistance Program of the city of Austin violates
individuals' constitutional "freedom of choice." The city of Austin's
Similar Benefits Rule makes it a prerequisite to the expenditure of
city funds for health care services for indigent or low income
recipients that such persons must first utilize whatever "federal,
state or private funds or similar benefits are available for the
payment for [such] services. . . ." We find that this rule does not
violate any constitutional "freedom of choice."

Austin is a Home Rule City, created pursuant to article XI,
section 5 of the Texas Constitution, with broad authority to provide
for the health and welfare of its citizens. V.T.C.S. art. 1175, §§28,
34. Its governing body is empowered to establish and regulate the
provision of medical and health services, including the operation of
hospitals. V.T.C.S. art. 1015, §§1, 4. The Austin City Council
enacted the Similar Benefits Rule in 1977, by resolution, as follows:

> Whenever federal, state or private funds or
> similar benefits are available for the payment for
> services to indigent or low income health care
> recipients, no city funds shall be used to pay for
> such care. Persons who are eligible for partial
> benefits from other third party sources may be
> eligible for supplemental clinic card benefits
> provided that such supplemental benefits are
> extended only as a source of payment of last
> resort when benefits from other sources have been
> exhausted or are inadequate to fully cover the
> cost of medically necessary services.

You ask whether this rule violates any right to "freedom of choice," to choose between various government benefit programs.

The right to "freedom of choice" in certain matters is part of the right to privacy. See Roe v. Wade, 410 U.S. 113, 152-53 (1973); see also Harris v. McRae, 448 U.S. 297, 312 (1980) (part of liberty interest protected by the Due Process Clause of the Fourteenth Amendment). The most commonly recognized matters of personal privacy involve activities and decisions regarding marriage, procreation, contraception, and a freedom of personal choice in certain other matters associated with family life. See id; see also Santosky v. Kramer, 455 U.S. 745, 753 (1982). There are no cases which hold that a person has a constitutional right to select the source of public assistance under the right of privacy.

In Harris v. McRae, 448 U.S. 297, 316 (1980), the United States Supreme Court denied the existence of a constitutional entitlement to sufficient financial resources to participate in the full range of protected choices. See also Maher v. Roe, 432 U.S. 464, 474 (1977). As the McRae court explained,

> [a]lthough the liberty protected by the Due Process Clause affords protection against unwarranted government interference with freedom of choice in the context of certain personal decisions, it does not confer an entitlement to such funds as may be necessary to realize all the advantages of that freedom.

448 U.S. at 317-18. The court reasoned that the manner of providing benefits which the government is not constitutionally required to provide is a legislative matter rather than a matter of constitutional entitlement. 448 U.S. at 318; see also Burgess v. City of Houston, 718 F.2d 151, 154 (5th Cir. 1983); Hackney v. Meade, 466 S.W.2d 341, 342 (Tex. Civ. App. - Austin 1971, writ ref'd n.r.e.).

Consequently, the constitutional right of individuals to privacy and the freedom of choice in personal matters which that right entails does not prevent the city of Austin from requiring that applicants for medical assistance which is funded by the city first exhaust other available sources of medical assistance. See also Schweiker v. Hogan, 457 U.S. 569, 591 (1982) (allocating scarce benefits on the basis of financial ability to meet needs not inconsistent with constitutional principles of equal treatment).

## S U M M A R Y

The constitutional right of individuals to privacy and the freedom of choice in personal

matters which that right entails do not prevent the city of Austin from requiring that applicants for medical assistance which is funded by the city first exhaust other available sources of medical assistance.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General