JOHN B. HICKEY v. HENRY RHINE AND ANOTHER.

We are not aware of any power in the Court to release a surety for costs, unless it be for the purpose specified in Art. 803, Hart. Dig. If he can be discharged at all for any other purpose not specified in the Article cited, it could only be with the consent of the opposite party. In this case it does not appear that the defendants made any objection to the discharge of the surety, and as to them it must be regarded as a waiver of their right to security.

In answer to a rule for security for costs, the plaintiff may make affidavit that he is unable to give the security; and the rule is thereby discharged.

Error from Red River. Before the Hon. William S. Todd.

LIPSCOMB, J. This suit was brought by the plaintiff against the defendants for an assault and battery. At the first Term of the Court the plaintiff was ruled to give security for costs, whereupon the security was given, and the case was submitted to a jury, who could not agree, and a mistrial was entered, and cause continued to the next Term. Afterwards, during the same Term, the security for costs moved the Court to be discharged from his securityship; which was granted, and an order for other securities to be given on or before the cause was called for trial at the next Term. At the next Term of the Court the case was again submitted to a jury, and another mistrial was entered, and the cause again continued to the

next succeeding Term. At the next Term the suit was dismissed for want of security for costs. It appears by a bill of exceptions, that the plaintiff offered to make the affidavit of his inability to give security for costs, in the terms of the statute, and to be permitted to prosecute his suit in form of a pauper ; (Hart. Dig. Art. 1379 ;) which motion was overruled ; the suit was dismissed, and judgment entered against the plaintiff for all cost.

We are not aware of any power in the Court to release a security for costs, unless it be for the purpose specified in Art. 803 of Hartley's Digest. It provides that if either party to any process or suit shall desire the testimony of the surety or sureties on his bond, given for costs or other purposes in the cause, he may give other good and sufficient security, to be approved of by the Court, but shall not thereby delay the cause. This provision of law does not include a discharge of the security on his own motion. If, therefore, he can be discharged at all, for any other purpose not specified in the Article cited, it could only be with the consent of the opposite party. In this case it does not appear that the defendants made any objection to the discharge of the security, and as to them it must be regarded as a waiver of their right to security.

The first order to give security in the place of the released security required the new security to be given at or before entering upon the trial at the next Term. That next Term passed over and another mistrial, without any notice of the failure to comply with the order for security ; and it was not until the then next Term thereafter that the cause was dismissed for want of the security ; and it would seem that a new order ought to have been made. The defendants may well have been supposed to have waived the first, by permitting the case to be submitted to the jury, without interposing the objection that the security required at the preceding Term had not been given.

But it is clear, whatever may have been the effect of not

urging the enforcement of the rule at that Term, that the plaintiff ought, under his affidavit offered, to have been permitted to prosecute his suit without security. Art. 1379, Hart. Dig. reads as follows : That it shall be lawful for the Clerk of any Court, or Justice of the Peace, to require security for costs, before issuing any process in any suit about to be commenced ; unless the party applying for such process, his agent or attorney, shall make oath that the party so applying is unable to give such security. This Act does not literally embrace a case already in progress, but its spirit and equity will extend to any time when security is required. And it is further believed that the Court could and ought, under its general powers, independent of the statute, to have permitted the case to proceed, on a satisfactory showing of the inability of the plaintiff to give the security ; as no man should be prevented from prosecuting a suit, seeking redress for an outrage upon his person, on the ground of his poverty. On the first and last grounds of error noticed, the judgment is reversed and the cause remanded for trial.

Reversed and remanded.