THE STATE OF TEXAS ET AL V. JEWEL GUTSCHKE.

No. A-2704. Decided October 4, 1950.
(233 S. W., 2d Series, 446.)

*Perkins, Floyd & Davis* and *Carmel F. Davis,* all of Alice, for petitioners.

The Court of Civil Appeals erred in dismissing petitioners' appeal on the grounds that they were not parties to the suit because they had filed neither written pleadings nor bond for costs in the county court. Heath v. Garrett, 50 Texas 264; Shiner v. Shiner, 40 S. W. 439; Webster v. Moore, 167 S. W. 2d 1054.

*Alaniz & Morris* and *Raeburn Morris,* for respondents.

The special district judge who presided in the trial of this

case was acting with proper authority, as he had been agreed upon by appellee and the State through its county attorney, after the special judge had disqualified himself, as this is an appeal from an administrative ruling of one of the State's officers who was properly represented by the county attorney, and the only interest involved was the public and this applicant. And said district court had jurisdiction of the case as the applicant's bond was sufficient, and was approved by the proper officers, and filed within the proper time. Jones v. Marsh, 148 Texas 362, 224 S. W. 2d 198; Arts. 666-13 and 14, Penal Code

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The petitioners here are citizens of Jim Wells County who attempted to exercise their rights under Art. 667-6(b) of the Penal Code to protest the granting of an application of respondent, Mrs. Jewel Gutschke, for a Retailer's On-Premises beer license by the county judge of that county. The judges refused the application but on appeal to the district court by Mrs. Gutschke under paragraph (e) of the same article, her application was granted. The appeal of petitioners to the Court of Civil Appeals was dismissed on the ground that on the record they were not truly parties to the suit, not having filed any pleadings or procured an order allowing their intervention in the proceeding before the county judge and not having given the security for costs required by the statute abovementioned.

This latter point may be said to have been decided also in the district court. Petitioners, as appellees in that court, contended unsuccessfully that the special district judge who tried the case was not competent to sit, having been selected by agreement of counsel under Art. 1885, Vernon's Ann. Civ. Stats., without participation by counsel for petitioners. The judge did not give his reasons for overruling this contention, but the fact that petitioners did not join in the agreement was admitted, so he evidently concluded that they were not parties to the suit or he would have refused to sit under the circumstances.

While not asked to do so, we have first considered the matter of whether the dismissal below should not be sustained on the ground that petitioners, as unsuccessful citizen-protestants, have no rights of appeal whatever under the statute. The latter is indeed not very specific but paragraph (e) of Art. 667-6 plainly contemplates appeals from the district court by someone on the protestant side. A later provision in the same paragraph makes it clear that such appeals include those "on behalf of the state", though, at the same time, it discloses no clear

intent to exclude those made by citizen-protestants. In a case like the present, if no one except citizens had. protested, it would seem rather unusual that they should appear as appellees in the district court and yet not be able to appeal an adverse judgment of the Court of Civil Appeals, when the appellant-applicant could have done so, and when the state, had it been the district court appellee, could likewise have done so. After providing for their participation in the proceeding before the county judge, it seems likely that the legislature would have expressly denied their right of appeal unless it intended for them to have it. We accordingly conclude that citizen-protestants are entitled to appeal from the district court.

■ Nor is the dismissal of petitioners' appeal justified, in our opinion, by the reasons given by the Court of Civil Appeals. Counsel for petitioners introduced in evidence in the ditsrict court a document of protest bearing a date corresponding to the proceeding before the county judge and stated that he did so for the purpose of showing what had been filed with the county judge. We take this as a representation by counsel himself that such a document had been filed with the county judge, and there being no denial of the truth of such statement by opposing counsel, or other objection to it by the latter, we may ourselves rely on it as showing what actually occurred. In any event, since it is settled that the proceeding before the county judge is purely administrative (though the appellate proceedings are judicial) and since the statute evidently contemplates that such proceeding shall be of less than judicially formal character without requirement of any written protest or pleading on behalf of the protestants, we conclude that the latter are not prerequisite to a protestant becoming a party to the cause in the fullest degree, and that, for the same reasons, no formal recognition of a protestant's participation, such as an order allowing him to intervene, is necessary. If a strictly judicial proceeding may be validly concluded in the district court without any written pleadings by one of the parties, as in Bednarz v. State, 142 Texas 138, 176 S. W. 2d 562, our conclusion can hardly be thought unprecedented.

■ That petitioners may have filed no security for costs in the proceeding before the county judge, as required by paragraph (b) of Art. 667-6, does not disqualify them as parties. The requirement is evidently not intended to be jurisdictional and may be waived, as it obviously was, by failure of the opposite party to insist on compliance with it, as in the analogous instance of trial court costs in an ordinary judicial proceeding. Hickey v.

Rhine, 16 Texas 577; Gilmer v. Beauchamp, 87 S. W. 907, Texas Civ. App. er. ref. Such security in the trial court is, of course, an altogether different thing from the matter of an appeal bond as a jurisdictional prerequisite for an appeal. This case does not involve the latter question.

Quite possibly the Court of Civil Appeals had in mind not so much the contrary of our above conclusions as that, in point of fact, in the absence of written pleadings, a cost bond or other means of identification of petitioners as parties to the proceeding before the county judge, it could not properly be assumed that they were parties. The beer license docket of the county judge does not indeed identify any of these petitioners. It does, however, reflect that the application was "protested" and respondent, Mrs. Gutschke, did not contend in the Court of Civil Appeals that petitioners actually failed to appear and contest the application before the county judge. Under these circumstances, and again considering the administrative character of the original proceeding, with its likely consequence of informalities in connection with appeals to the district court, it would be, we feel. an overly technical approach to look solely at the transcript in order to determine if, in fact, petitioners appeared before the county judge. The statement of facts shows beyond question that one of them did, and accordingly that one at least was a party to that proceeding.

So far as the district court hearing is concerned, there is ample evidence in the transcript that at least the one protestant who appeared before the county judge was a party, though acting through his counsel rather than in person.

From the foregoing it follows that, at least one of petitioners being a party, the court below erred in dismissing the appeal. The judgment of the Court of Civil Appeals is therefore reversed. Ordinarily the cause should be remanded to that court for further proceedings in accordance with this opinion. However, our holding necessarily decides also that the special district judge who heard the case was without power to do so, since he was not selected by agreement of all the parties, and the proceeding in the district court was accordingly invalid. Latimer v. Logwood, 27 S. W. 960, Tex. Civ. App., er ref. Under these circumstances the case should be remanded to the district court for a new trial before the regular district judge or other judge competent to act in the premises. It is so ordered.

Opinion delivered October 4, 1950.