**J. H. MORTON et al., Appellants,**

v.

**Tom S. PLUMMER, Appellee.**

**No. 10744.**

Court of Civil Appeals of Texas.

Austin.

March 30, 1960.

Rehearing Denied April 20, 1960.

O'Quinn, McDaniel & Randle, Howell Finch, Austin, for appellant.

Jones, Herring & Jones, Austin, for appellee.

ARCHER, Chief Justice.

This suit was brought in the 126th District Court of Travis County, Texas, by Tom S. Plummer, appellee, to review the decision of the County Court for Travis County, Texas, denying appellee's application for a Wine and Beer Retailer's Permit. Contestants J. H. Morton, Mrs. M. D. Chapman, and H. I. Phillips, appellants herein, appeared at both County and District Court hearings in opposition to the granting of the permit. The trial of the case in District Court was had before the court without a jury and resulted in a judgment for appellee holding that no lawful reason existed for denial of the application, and the order of the County Court was accordingly set aside and the application granted.

This appeal is predicated on one point; namely, that the court erred in holding that no lawful reason existed for the denial of appellee's application for a Wine and Beer Retailer's Permit.

Appellee owns two lots fronting on Webberville Road, a distance of 135 feet, in the City of Austin, Travis County, Texas, one of which lots was zoned "C" Commercial by the City of Austin long before the controversy herein arose. Pursuant to the zoning ordinance of the City of Austin, appellee filed a zoning application with the City to have the two lots rezoned to "C–1" Commercial, so as to authorize the sale of beer with food on the lots. Pursuant to the ordinances of the City of Austin and the Statutes of the State of Texas, notices of the zoning application were mailed and hearing was held before the Planning Commission, and notices were mailed by the City Council and hearing held before it. No protest was made either before the Planning Commission or the City Council by any person, and, on October 17, 1958, the zoning application was granted. After the zoning change was approved, appellee placed a building on the lots and equipped it for the purpose of operating therein a restaurant, specializing in barbecue, and for the sale of beer with food. Exclusive of the cost of the land, appellee expended approximately $4,100 on improvements. After the improvements were virtually completed, the appellee received the necessary approval from the City of the building for the operation of a cafe therein. Appellee made application to the County Judge for a beer permit and then, for the first time, he learned of the opposition to his selling beer on the premises.

The prime issue is whether there was substantial evidence to support the holding of the County Court in denying the application for a Wine and Beer Retailer's Permit. The contestants—appellants here—are representatives of the Civic Improvement League for Precinct 129 which covers a large area within the city limits, and includes the location of appellee's business. The precinct is predominantly residential and the area zoned for commercial development is either the intersection of 12th Street and Webberville Road or along Airport Boulevard. Appellee's location is nearly ¼ mile north of the intersection of 12th Street and Webberville Road where there is now presently existing a beer place.

On the trial in the District Court the plaintiff Plummer testified as to his age and that he was a lifelong resident of Travis County, and that he made an application for a Wine and Beer Retailer's Permit to be located at 1413 Webberville Road, on lots he had owned since 1958; that he made an application to have the lots rezoned to "C–1" Commercial and that public hearings were had after notice and that no one protested and the change was granted; that after the zoning was changed he made necessary improvements on the premises which were approved by the authorities for use to sell food and beer, and was given such a permit; that the improvements cost about $4,100; that he then was operating a place at 1104 E. 11th Street under a Wine and Beer Retailer's Permit. The witness gave testimony as to the location of other houses; that there were none in close vicinity; that there was a drive-in beer place at the intersection of 12th Street and Webberville

Road, and there was also a night club and dance hall at the same location.

Four witnesses testified for the contestants—one of whom was a teacher, a precinct chairman and president of the Civic Improvement League of Precinct 129. He testified that he was familiar with the business district at 12th Street and Webberville Road and that after he heard of the zoning change a petition was prepared and circulated and presented to the City Council, but he was unable to get the zoning matter reopened; that when the hearing for a beer license was had in the County Court, witness and two others representing the League appeared to protest the application. The witness also gave other testimony concerning the general locality, the sites of the school and church and of its residential use; and that there would be created a traffic hazard for children going to and from school. Mrs. Chapman, living at 1311 Webberville Road, which is about 400 feet south from the Plummer Place, testified she was familiar with the area and with Martin's Place at 12th and Webberville Road which sells beer, and described the area as being largely residential; that from her residence she could not see the Plummer Place.

W. R. Banks, a teacher, testified as to the location of Plummer's Place, and that from the place one cannot see houses in either direction; that he was familiar with the development of subdivisions in the vicinity; that he selected his homesite because he thought the neighborhood would be conducive to wholesome living and because there were no beer places near; and that he could not see Plummer's Place from where he lived.

H. I. Phillips, pastor of a church in the community, testified that his church owned property about a half mile from the Plummer Place; that he disliked having a beer place; that Martin's Place sells beer at the intersection of 12th Street and Webberville Road and is a nuisance.

The County Judge acts in an administrative capacity in ruling on an application for a retail beer permit.

In view of our disposition of this case it is unnecessary to consider the contention of appellee that the provisions of Art. 667–6 (b)(2) of the Vernon's Ann. Penal Code preclude a contest of the application because no security for costs was given by the contestants in the County Court.

We believe that the District Court properly concluded that no factual reasonable basis existed for the denial of the permit.

The County Judge cannot discriminate between parties upon equal footing. In order to deny a license there must be some factual basis to show an unusual condition in substance such as set out in Sec. 19–B of Art. 667, Penal Code.

There being another establishment with a permit to sell beer in the vicinity of appellants' location, it would be a discrimination to deny the application. State v. Peeler, Tex.Civ.App., 200 S.W.2d 874; Killingsworth v. Broyles, Tex.Civ.App., 300 S. W.2d 164.

We have concluded to discuss appellee's motion filed herein, prior to submission, to dismiss this appeal because appellant did not comply with the provisions of Art. 667–6(b) (3), V.A.C.S., which provide that any person may contest an application "upon giving security for all costs which may be incurred in such contest should the case be decided in favor of applicant."

Contestants did not file such bond but the trial was allowed and heard by the trial court contingent upon such security being furnished, which was not done.

We believe such motion is good and would have dismissed the appeal, but concluded to dispose of the case on its merits as we have done.

The judgment of the trial court is affirmed.