Alvin M. **STONE**, Appellant,

v.

**TEXAS LIQUOR CONTROL BOARD et al.,**
Appellees.

No. 4539.

Court of Civil Appeals of Texas.

Waco.

Oct. 20, 1966.

Rehearing Denied Nov. 10, 1966.

Charles M. McDonald, Waco, for appellant.

Wiley Stem, Tom P. Moore, Jr., Waco, Douglas H. Chilton, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment of the 54th District Court, abating and dismissing for want of jurisdiction, an attempted appeal from an order of the County Judge approving the application of Joe Bozarth for a Beer Retail Off-Premises license, and from the subsequent action of the Texas Liquor Control Board issuing such license.

Appellee Bozarth made application to the County Judge of McLennan County for a license to sell beer in Midway Park in the City of Waco. Appellant Stone filed contest to such application in the County Court. After hearing, the County Judge by order on June 15, 1966 approved the application of Bozarth for the beer license, and overruled and denied Stone's contest. On June 16, 1966 the Texas Liquor Control Board issued such license.

Thereafter on July 12, 1966 Stone filed in District Court a "* * * *Petition of Appeal from an order and judgment of the County Court of McLennan County, Texas, approving an application for beer retailer's off-premises license to Joe Bozarth, * * *, and the action of the Texas Liquor Control Board in issuing a license pursuant thereto * * *.*"

Appellee Bozarth filed plea in abatement and motion to dismiss appellant Stone's appeal, asserting: 1) no right of appeal to District Court exists from the approval by the County Judge of an application for a beer permit; 2) no right of appeal exists here from the order of the Liquor Board granting the license.

The District Court held appellant Stone had no legal right to appeal from the order of the County Judge approving appellee Bozarth's application for beer license; and no legal right to appeal from the action of the Texas Liquor Control Board issuing such license; and that the District Court had no jurisdiction. The District Court entered judgment abating and dismissing the cause.

Appellant Stone appeals on 7 points, contending the trial court erred in holding that appellant has no legal right to appeal from the action of the County Judge in approving, and the Liquor Control Board in granting license to Bozarth to sell beer.

■ The authority of the County Judge and of the Liquor Control Board in regard to approval of application and issuance of license for liquor or beer sales is the exercise of an administrative function, and not a judicial function. State v. Bush, 151 Tex. 606, 253 S.W.2d 269; State v. Gutschke, 149 Tex. 292, 233 S.W.2d 446; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

■ No right of appeal from an administrative order exists, unless there is statutory authority providing the right of appeal, (or unless the order violates some constitutional provision or adversely affects property rights of the person affected by the order). Richardson v. Alsup, Tex. Civ.App., 380 S.W.2d 923 (Er.Ref.); City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788; Texas Highway Commission v. El Paso Bldg. & Constr. Trades Council, 149 Tex. 457, 234 S.W.2d 857.

Article 667–6(e) Texas Liquor Control Act (Penal Code) provides for an appeal to the District Court by the applicant for a beer license, in the event his application is denied, *but there is no provision in the article giving a contestant a right of appeal from the order of the County Judge approving an application for license.*

And Article 666–14 provides for an appeal to the District Court from an order of the Liquor Control Board refusing a license, *but makes no provision for appeal by a contestant, if the license be granted.*

In State v. Lemaster, Tex.Civ.App., 275 S.W.2d 164, (nwh), the Court in pass-

ing on the precise question here involved said:

> "Although paragraph (e) [Art. 667–6 Penal Code] provides for an appeal to the District Court by the applicant [for beer license] in event his application is denied, we find no provision in the Article giving a contestant the right to appeal from the order of the County Judge granting a permit.

> "It is our opinion, therefore, that the District Court was not in error in sustaining the plea in abatement to the attempted appeal of the State from the order of the County Judge granting appellee a permit to sell beer."

Although the Lemaster case, supra, has been in the books for more than 10 years, the Legislature has not seen fit to change or amend the rule of law of such case.

And in Texas Liquor Control Board v. Abogado, Tex.Civ.App., 172 S.W.2d 778, (nwh), the Court said:

> "It is clear, we think, had the County Judge granted the application [for beer license] there would have been no one who had the right to appeal therefrom."

■ Under the authorities cited, since the orders appealed from were administrative, and the statutes provide no right of appeal therefrom to a contestant, (and no constitutional or property rights of appellant being shown to have been violated), appellant had no legal right to appeal, and the District Court had no jurisdiction of the cause.

Appellant earnestly contends that State v. Gutschke, 149 Tex. 292, 233 S.W.2d 446 is authority that a contestant has the right of appeal from County Judge's approval of an application for beer license. We reject such contention. In Gutschke, the County Judge refused to approve the application for a beer license, and the applicant appealed to District Court, as authorized by Article 667–6(e). The Dis-

trict Court approved the application. The contestants then sought to appeal to the Court of Civil Appeals. The Supreme Court held that Article 667–6(e) gives a contestant the right to appeal to the Court of Civil Appeals, from an adverse determination in *District Court,* (once the matter has reached the District Court). Such case nowhere holds that a contestant has the right of appeal from the administrative (as distinguished from judicial) order of the County Judge approving an application for beer license.

All appellant's points and contentions are overruled.

Affirmed.