**Alvin M. STONE, Petitioner,**

v.

**TEXAS LIQUOR CONTROL BOARD et al.,**
**Respondents.**

**No. A–11793.**

Supreme Court of Texas.

June 21, 1967.

McLaughlin, Clark, Fisher, Gorin & McDonald, Charles M. McDonald, Waco, for petitioner.

Crawford C. Martin, Atty. Gen., Douglas H. Chilton, Asst. Atty. Gen., Austin, Bryan, Wilson, Olson & Stem, Wiley W. Stem, Jr., Tom P. Moore, Jr., Waco, for respondents.

WALKER, Justice.

Petitioner, a private citizen, contested the application of Joe Bozarth for a Retail Dealer's Off-Premise License to sell beer. The county judge approved the application, and the license was subsequently issued by the Texas Liquor Control Board. Petitioner attempted to appeal to the district court, which dismissed the cause on the ground that he has no right of appeal. The Court of Civil Appeals affirmed. 407 S.W. 2d 830. We affirm the judgment of the Court of Civil Appeals.

The procedure for obtaining a beer license is set out in Article 667–6, Vernon's Ann.P.C. In considering and acting on the application, the county judge and the Board perform administrative functions. State v. Bush, 151 Tex. 606, 253 S.W.2d 269. It is well settled that there is no right of appeal from an administrative order unless the statute provides for the

same or unless the order violates a constitutional right or adversely affects a vested property right. Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788; Richardson v. Alsup, Tex.Civ.App., 380 S.W.2d 923 (wr. ref); Mason v. City of San Antonio, Tex.Civ.App., 324 S.W.2d 90 (no writ). In previous cases the Courts of Civil Appeals have applied this general rule and held or said that a contestant may not appeal when the application is approved by the county judge. State v. Lemaster, Tex. Civ.App., 275 S.W.2d 164 (no writ); Texas Liquor Control Board v. Abogado, Tex.Civ. App., 172 S.W.2d 778 (no writ).

Article 667–6 authorizes "any citizen" to contest the application before the county judge "upon giving security for all costs which may be incurred in such contest should this case be decided in favor of the applicant." Petitioner says that in view of these provisions, the Legislature intended for the contestant to have a right of appeal to the courts, and that we so held in State v. Gutschke, 149 Tex. 292, 233 S.W.2d 446. There the application was denied by the county judge, and the applicant appealed to the district court as expressly authorized by the statute. The district court granted the application, and we held that the citizen-protestants were then entitled to appeal to the Court of Civil Appeals.

Paragraph (e) of Article 667–6 provides that "in the event the judgment of the district court shall be favorable to the applicant and an appeal is taken * * *." The final clause of the same paragraph exempts the state from the requirement that a bond be given by anyone appealing from a judgment or order. These are the provisions referred to in *Gutschke* when it was pointed out that the statute plainly contemplates appeals from the district court by someone on the protestant side, makes it clear that such appeals include those on behalf of the state, but discloses no intent to exclude appeals by citizen-protestants. It

was in this context that we said the Legislature, after providing for participation of private citizens in the proceeding before the county judge, would have expressly denied their right to appeal unless it was intended for them to have it. Although petitioner argues to the contrary, *Gutschke* does not hold that the statutory authorization to participate in the hearing before the county judge carries with it the right of appeal to the courts.

It is somewhat anomalous to say that the contestant may appeal from an adverse ruling of the district court but not from a similar order by the county judge or the Board. There is nothing in the statute, however, which suggests that anyone may appeal when the application is approved by the county judge or when a license is issued by the Board. After approval of the application, the applicant must present the order of the county judge to the tax collector and pay the required fees. The tax collector then sends a copy of the application to the Board with a certificate showing that the same has been approved and the fees paid. Upon receipt of this report the Board is authorized to issue a license if it finds that the applicant is entitled thereto but may refuse to do so "if in possession of information from which it is determined that any statement contained in the application therefor is false, untrue, or misleading, or that there are other legal reasons why a license should not be issued."

There could be no appeal to the courts from the interlocutory order of the county judge, and Article 667–6 does not even provide that the contestant shall be given notice or a hearing by the Board. In our opinion the statute does not authorize or contemplate an appeal from the order of the county judge approving the application or from action of the Board in issuing a license. The case is thus governed by the general rule mentioned above. Since petitioner asserts no violation or impairment of any constitutional or vested property

right, his attempted appeal was properly dismissed by the trial court. The judgment of the Court of Civil Appeals is accordingly affirmed.