PROTESTANTS, Appellants,

v.

AMERICAN PUBS, INC. d/b/a/ The Volcano, Appellee.

No. 01–89–00909–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 1990.

Dougal C. Pope (Lee Read, of counsel), Houston, for appellants.

R. Dan Fontaine, Abraham, Watkins, Nichols Ballard, Onstad & Friend, Houston, for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

ON MOTION FOR REHEARING

PER CURIAM.

Our previous opinion, dated January 11, 1990, is withdrawn and the following is substituted.

Appellee, American Pubs, Inc., asks this Court to dismiss the appeal for want of jurisdiction.

American Pubs filed an application with the Texas Alcoholic Beverage Commission (the "TABC") for a mixed beverage and late hours permit, which the TABC denied. American Pubs appealed the denial by suing the TABC in district court pursuant to TEX.ALCO.BEV.CODE ANN. § 11.67 (Vernon 1978 & Supp.1989). Appellants filed an answer in the suit, even though they were not named as defendants, and did not attempt to intervene. The trial court reversed the TABC decision and ordered the permits issued.

Appellee asserts that because the appellants are neither parties nor intervenors, they do not have the standing to prosecute this appeal. Appellee relies on § 11.67(b), which states that "[t]he appeal shall be under the substantial evidence rule and against the commission alone as defendant." Appellee believes that, because only the TABC can be named as a defendant in any appeal to the district court, no other party has the right to appeal the decision of the district court.

Appellants contend that because they filed a protest with the TABC, were allowed to speak at the hearing conducted by the TABC, and filed an answer in the district court, they are entitled to appeal the district court's decision.

Appellants rely on *State v. Gutschke*, 149 Tex. 292, 233 S.W.2d 446 (1950), to support their position. In *Gutschke*, the petitioners attempted to protest the granting of an application of Gutschke for a retailers on-premises beer license. The county judge[1] refused the application, but on appeal to the district court, the application was granted. Petitioners' appeal to the court of appeals was dismissed on the ground that on the record they were not truly parties to the suit, not having filed any pleadings or procured an order allowing their intervention in the proceeding before the county judge.

The supreme court reversed, holding:

.. [S]ince it is well settled that the proceeding before the county judge is purely administrative (though the appellate proceedings are judicial), and since the statute clearly contemplates that such proceedings shall be of less than judicially formal character, without any requirement of any written protest or pleading on behalf of the protestants, we conclude that the latter are not prerequisites to a protestant becoming a party to the cause in the fullest degree, and that, for the same reasons, no formal recognition of a protestant's participation, such as an order allowing him to intervene is necessary.

*Gutschke*, 233 S.W.2d at 448.

The supreme court distinguished *Gutschke* in *Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385 (Tex.1967). In *Stone*, a private citizen contested the *approval* of an application for a retail dealer's off-premise license to sell beer. The petitioner attempted to appeal to the district court, which dismissed the cause on the ground that the petitioner had no right to appeal. The supreme court affirmed, holding:

It is well settled that there is no right of appeal from an administrative order unless the statute provides for the same or unless the order violates a constitutional right or adversely affects a vested property right. (Citations omitted.)

\* \* \* \* \* \*

In our opinion, the statute does not authorize or contemplate an appeal from the order of the county judge approving the application or from action of the Board issuing a license.

\* \* \* \* \* \*

Since petitioner asserts no violation or impairment of any constitutional or vested property right, his attempted appeal

---

1. Under the predecessor statute to § 11.67, applications for permits or licenses were made to a county judge. The judge would act in an administrative, rather than judicial capacity in determining whether a license or permit should be granted. *See* Texas Liquor Control Act, ch. 467, art. II, sec. 10, 2nd Called Session, 1935 Tex.Gen.Laws 1795, 1835.

was properly dismissed by the Court of Civil Appeals.

The distinction between these two holdings is that a citizen-protestant had the right to interpose itself in the proceedings when the administrative body denied an application for a permit or a license, and the applicant subsequently appealed, but did not have that right when the administrative body approved an application.

Neither *Gutschke* nor *Stone* are applicable here. Neither case involves the denial of a permit by an administrative agency pursuant to an administrative code. Both cases were decided before the current Alcoholic Beverage Code was adopted by the legislature in 1977.

 The legislature creates rules and regulations for administrative agencies and procedures for obtaining judicial review of their decisions. *Texas Catastrophe Property Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condominium Ass'n,* 706 S.W.2d 644, 645 (Tex.1986). The legislature did precisely this when it enacted the Alcoholic Beverage Code. This code specifically provides that any appeal to the district court shall be against the Alcoholic Beverage Commission alone as defendant. Tex.Alco.Bev.Code Ann. § 11.67(b) (Vernon 1978 & Supp.1989). When a cause of action is derived from a statute, the statutory provisions are mandatory and must be complied with in all respects or the action is not maintainable for lack of jurisdiction. *Grounds v. Tolar Indep. School Dist.,* 707 S.W.2d 889, 891 (Tex.1986).

 Appellants correctly assert that if a matter is not presented to and ruled on by the trial court, it cannot be used as basis for appeal. However, where as here, the record shows on its face that we lack jurisdiction, the error is fundamental, and is subject to review for the first time on appeal. *Cox v. Johnson,* 638 S.W.2d 867 (Tex.1982); *Texas Employment Comm'n v. Int'l Union of Elec. Radio and Machine Workers,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961); *City of Houston v. MEF Enter., Inc.,* 730 S.W.2d 62, 63 (Tex.App.—Houston [14th Dist.] 1987, no writ).

 Although appellee filed no pleadings challenging the jurisdiction of the trial court, we must always determine our jurisdiction over a controversy. If at any time during the progress of a case it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. *City of Beaumont v. West,* 484 S.W.2d 789, 791 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

 The Texas Alcoholic Beverage Commission, the only proper defendant in the trial court, did not pursue an appeal. Appellants, as a group of protestants, were not proper parties in the trial court, and have no right to maintain this appeal. *InterFirst Bank Houston, N.A. v. Quintana Petroleum Corp.,* 699 S.W.2d 864, 878 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Accordingly, we have no jurisdiction to hear appellants' complaints.

Appellants' motion for rehearing is DENIED. Appellee's motion to dismiss is GRANTED.