Rolando Lee TORRES d/b/a La Mujer Bonita, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.

No. 01–99–00479–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1999.

Jim L. DeFoyd, Samuel Henry Deane, Houston, for Appellant.

Dewey E. Helmcamp, John Cornyn, Austin, for Appellee.

Panel consists of Justices COHEN, TAFT, and SMITH.*

## OPINION

TIM TAFT, Justice.

This is an appeal from an order by the district court that affirmed an administrative order of the county judge of Harris County denying a license renewal. Appellant, Rolando Lee Torres d/b/a La Mujer Bonita (Torres), contends the person who successfully protested his license renewal was not qualified to do so because he failed

to pay the security bond required by law. We agree and reverse and render.

## Facts

■ The undisputed facts reveal that Torres operates his business under a wine and beer license issued by appellee, the Texas Alcoholic Beverage Commission (TABC).[1] Torres filed a renewal application with the tax assessor's office. See TEX. ALCO. BEV.CODE ANN. § 61.48 (Vernon 1995). Torres's application was then forwarded onto the TABC. See id. at § 61.49. At this point, Congressman Gene Green, the protestant, filed a protest requesting the TABC to refuse to renew Torres's application for a wine and beer license. See id. at § 61.39. His license was denied at an administrative hearing before a court master. See id. at §§ 61.311, 61.49. Torres filed a request for a de novo hearing before the county judge. See id. at § 61.311, 61.32, 61.49. Following another administrative hearing, County Judge Robert Eckels entered an order denying Torres's application for a wine and beer license and overruled his motion for rehearing. After filing a suit for judicial review, the district court affirmed the findings, conclusions of law, and order of the county judge as supported by substantial evidence. See id. at §§ 11.67, 61.34.

## Security For All Costs

In his second issue, Torres complains the county judge committed error by refusing to require the protestant to file a security bond. Torres's original answer at the administrative hearing included pleadings requiring the protestant to post a bond as security. At the hearing, Torres moved to dismiss, based on the protes-

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The TABC actually investigated the alleged complaints from the protestant and witnesses and concluded that the allegations were without merit and that TABC would not join the renewal protest against Torres. When an ap-

plicant is refused a license due to a protest, the applicant must appeal against TABC alone and not against the protestant. TEX. ALCO. BEV.CODE ANN. § 11.67 (Vernon 1995). Consequently, TABC must take up the appeal of a case with which it does not necessarily agree and must adopt the arguments of the protestant from proceedings below.

tant's failure to post a security bond for all costs. This motion and all others by Torres were denied. Torres also raised this issue before the district court on appeal.

While TABC is the administrative body that licenses businesses to sell alcoholic beverages, a private individual can contest an alcohol license application under the following circumstances:

> Any person may contest the facts stated in an application for a license to distribute, manufacture, or sell beer at retail, or the applicant's right to secure a license, *if* he gives security for all costs which may be incurred in the contest *if* the case should be decided in favor of the applicant. No security for costs may be required of an officer of a county or incorporated city or town.

Tex. Alco. Bev.Code Ann. § 61.39 (Vernon 1995) (emphasis added).

 TABC argues that, because Torres failed in his renewal application, he has suffered no prejudice to his substantial rights. TABC focuses on the last "if" in section 61.39, which states that the purpose of requiring the protestant to give security for all costs is to redress the party seeking the license if he should prevail. Statutes requiring preliminary procedural hurdles are designed to eliminate frivolous claims. *See Horsley–Layman v. Angeles,* 968 S.W.2d 533, 537 (Tex.App.—Texarkana 1998, no pet.) (interpreting bond-requirement provisions of Tex.Rev.Civ. Stat. Ann. art. 4590i (Vernon Supp.1999)). TABC is incorrect in interpreting the second "if" as a condition precedent to requiring security. The first "if" is a condition precedent: a protestant must provide security for costs to challenge an application for a license. *See id.* The second "if" merely states a condition precedent to awarding that security to the applicant.

Torres relies on three cases interpreting section 61.39 that shed some light on this discussion. The first case to address the bond requirement was *State v. Gutschke,* 149 Tex. 292, 233 S.W.2d 446 (1950). *Gutschke* involved protestants who did not file a security cost in the proceeding before the county judge. *Id.* at 448. The court held that the security-cost requirement is not intended to be jurisdictional and may be waived. *Id.* In *Gutschke,* any error regarding the failure to comply with the security cost requirement was waived because the applicant had not raised any objection or insisted on the protestant complying with the requirement. *Id.* In this case, Torres did object to the protestant's refusal to give security to the county court and, consequently, did not waive this error.

The next case, *Morton v. Plummer,* 334 S.W.2d 322 (Tex.Civ.App.—Austin 1960, no writ), was decided on other grounds. The court noted in dictum, however, that a motion to dismiss for failure to give security for costs would have been proper and that it would have dismissed the contest on that ground. *Id.* at 324.

The most recent case to address the bond requirement is *Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Comm'n,* 923 S.W.2d 266 (Tex.App.—Fort Worth 1996, no writ). Addressing whether a protestant who filed a $150 security bond on the day of the hearing sufficiently satisfied section 61.39, the court noted that the "statute does not specify how much the security should be or when it must be filed." *Id.* at 269. That court went on, relying on the dictum in *Morton,* to comment that "a contest may be dismissed if the security is never given by the protestors." *Id.*

 The case law and the plain language of the rule clarify that a protestant may not contest a license renewal application without simultaneously giving security. To allow TABC to rely on the merits and resolution of the matter as justification for the failure to satisfy the threshold, procedural requirement would eviscerate the purpose behind this procedural rule, which is to discourage frivolous protests. An appellant who overcame a private protest would be left without the security for costs that the legislature obviously intended. This is exactly Torres's position here.

He has won, but has no security to cover his costs of defending against the protest.

We sustain Torres's second issue.

## Conclusion

Because the protestant did not give security, we reverse the judgment of the trial court, and render judgment granting Torres's application.