Reversed and Remanded and Opinion filed February 18, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01044-CV

___________________

 

James and Elizabeth Carlson, Jose and
Elizabeth Referente, Roger Campodonico, Sergio A. Lopez, Yan Wang and Hui Yao,
Daniel and Andrea Seluk, Robert Hutchins, Robert and Kelly Farfan, Bonnie
Corbett, Helen Pagola, and Manny Espinola, Appellants

 

V.

 

City of Houston, Appellee



 



 

On
Appeal from the 152nd District Court

Harris County,
Texas



Trial Court Cause No. 2008-57899

 



 

OPINION

James and Elizabeth Carlson, Jose and Elizabeth
Referente, Roger Campodonico, Sergio A. Lopez, Yan Wang, Hui Yao, Daniel and
Andrea Seluk, Robert Hutchins, Robert and Kelly Farfan, Bonnie Corbett, Helen
Pagola, and Manny Espinola appeal from an order granting the City of Houston’s
plea to the jurisdiction.  We reverse and remand.

Background

            Appellants own residential
units at Park Memorial, a condominium complex located at 5292 Memorial Drive in
Houston.  Park Memorial is governed by Park Memorial Condominium Association,
Inc.  

In 2007, the Association contracted with three
professional engineering companies to investigate the structural integrity of some
of the buildings constituting the Park Memorial complex.  All three reports
expressed concerns regarding the structural integrity of certain buildings. 
Specifically, the reports expressed concerns that wood and steel support beams
were deteriorated and corroded in some of the buildings.  The reports recommended
replacing the beams and removing the stucco covering on other beams for further
testing.  One report recommended immediate “shoring” of the corroded beams. 
Another report stated that if the beams were not properly protected from
further corrosion, they would “continue to deteriorate and may eventually fail.” 
None of the reports expressed concerns that the buildings were in danger of
immediate collapse.       

            The City learned
of concerns regarding the structural integrity of certain Park Memorial
buildings in July 2008.  The City subsequently contracted with David Collins, a
licensed structural engineer, to independently investigate the structural
integrity of the Park Memorial buildings.  Collins’s report also expressed
concerns regarding the structural integrity of some of the Park Memorial
buildings due to the corroded beams.  Collins’s report stated in part as
follows:

[B]uilding
units A, B, C, G and H, should be considered an immediate danger to tenants and
public safety.  The wood structural members have lost [their] structural
integrity.  The members are water logged, dry rotted and termite infected. 
Steel members are corroding and have deteriorated.  

 

The parking
garage area where the beam(s) have totally deteriorated should not be occupied
by cars and/or tenants. . . . The buildings appear to be structurally sound but
in observing the main structural members of any of the buildings; there are
serious damages and danger of walls and entire building[s] collapsing. 

 

After reviewing Collins’s
report, the City issued an order on August 15, 2008 directing all Park Memorial
residents to vacate all Park Memorial buildings by September 15, 2008.      

The City sent a letter to Park Memorial’s residents
on August 20, 2008 informing them of their right under City of Houston Building
Code section 116 to request an administrative hearing to contest the August 15,
2008 order to vacate.  Four of the appellants requested an administrative
hearing.  The City held an administrative hearing on September 9, 2008 and
affirmed the August 15, 2008 order to vacate in a letter dated September 10,
2008.  On September 11, 2008, the City extended the deadline to vacate the
property until October 1, 2008 due to the approach of Hurricane Ike.

            Appellants timely
filed a petition for writ of certiorari in district court on October 1, 2008
seeking judicial review of the August 15, 2008 order to vacate.[1]  See Tex.
Local Gov’t Code Ann. § 214.0012(a) (Vernon 2008) (“Any owner, lienholder,
or mortgagee of record of property jointly or severally aggrieved by an order
of a municipality issued under Section 214.001 may file in district court a
verified petition setting forth that the decision is illegal, in whole or in
part, and specifying the grounds of the illegality.”).  Appellants also
requested a temporary restraining order and a temporary injunction.  The district
court signed an order on October 1, 2008 granting appellants’s request for a
temporary restraining order.  

The City filed its original answer and plea to the
jurisdiction on October 8, 2008.  Sean Cody filed a plea in intervention on
October 13, 2008.  The Association filed a petition in intervention on October
14, 2008.  Appellants filed their response to the City’s plea to the
jurisdiction on October 15, 2008, and a supplemental petition for writ of
certiorari on October 17, 2008.  The district court denied appellants’s request
for a temporary injunction in an order signed October 31, 2008, and granted the
City’s plea to the jurisdiction in an order signed November 7, 2008. 
Appellants timely appealed and now challenge the district court’s order
granting the City’s plea to the jurisdiction.[2] 


Standard of Review

We review the district court’s grant of a plea to the
jurisdiction de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  In reviewing a plea to
the jurisdiction, we do not consider the merits of the underlying claim; we
consider only the plaintiff’s pleadings and the evidence pertinent to the
jurisdictional inquiry.  See Tex. Natural Res. Conservation Comm’n v. White,
46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554-55 (Tex. 2000).

A plea to the jurisdiction can challenge the
pleadings or the existence of jurisdictional facts.  Miranda, 133 S.W.3d
at 226-27.   When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court’s jurisdiction to hear the case.
 Id. at 226.  The reviewing court must (1) examine the allegations in
the pleadings; (2) liberally construe them in the plaintiff’s favor; and (3)
consider the pleader’s intent.  Id.  If the pleadings do not contain
sufficient facts to affirmatively demonstrate the district court’s jurisdiction
but do not affirmatively demonstrate incurable defects in jurisdiction, the
issue is one of pleading sufficiency and the plaintiffs should be afforded the
opportunity to amend.   Id. at 226-27.

When a plea to
the jurisdiction challenges the existence of jurisdictional facts, we consider
relevant evidence submitted by the parties.  Id. at 227; Blue, 34
S.W.3d at 555.  The standard of review for a jurisdictional plea based on
evidence “generally mirrors that of a summary judgment under Texas Rule of
Civil Procedure 166a(c).”  Miranda, 133 S.W.3d at 228.  Under this
standard, we credit evidence favoring the non-movant and draw all reasonable
inferences in the non-movant’s favor.  See id.

The jurisdictional facts are not in dispute.  The
issue before us presents a matter of statutory interpretation, which is a pure
question of law.  See State v. Shumake, 199 S.W.3d 279, 284 (Tex.
2006).  Therefore, we review the district court’s order granting the City’s plea
to the jurisdiction de novo.  See id.

Analysis 

A district court has subject matter jurisdiction to
review an administrative order when (1) a statute provides a right of judicial
review; or (2) the order adversely affects a vested property right or otherwise
violates a constitutional right.  Cont’l Cas. Ins. Co. v. Functional
Restoration Assoc., 19 S.W.3d 393, 398 (Tex. 2000); Stone v. Tex. Liquor
Control Bd., 417 S.W.2d 385, 385-86 (Tex. 1967). 
Appellants argue that the district court had two bases for subject matter jurisdiction
to consider their petition for writ of certiorari seeking judicial review of
the August 15, 2008 order to vacate.  First, they rely on Texas Local
Government Code section 214.0012.  Second, they contend the August 15, 2008
order to vacate adversely affected a vested property right.  The City argues
that Texas Local Government Code section 214.0012 does not apply here, and that
the district court lacks subject matter jurisdiction to review the August 15,
2008 order to vacate under any other basis.  

A.        Statutory Right
to Judicial Review

Texas Local Government Code section 214.001 permits
municipalities to enact ordinances addressing buildings that are “dilapidated,
substandard, or unfit for human habitation” and to require occupants to vacate
such buildings when they pose “a hazard to the public health, safety, and
welfare.”  Tex. Local Gov’t Code Ann. § 214.001 (Vernon Supp. 2009).[3]  In turn, Texas
Local Government Code section 214.0012 provides for judicial review of a municipality’s
administrative order issued under section 214.001:

Any
owner, lienholder, or mortgagee of record of property jointly or severally
aggrieved by an order of a municipality issued under Section 214.001 may file
in district court a verified petition setting forth that the decision is
illegal, in whole or in part, and specifying the grounds of the illegality. The
petition must be filed by an owner, lienholder, or mortgagee within 30 calendar
days after the respective dates a copy of the final decision of the
municipality is personally delivered to them, mailed to them by first class
mail with certified return receipt requested, or delivered to them by the
United States Postal Service using signature confirmation service, or such
decision shall become final as to each of them upon the expiration of each such
30 calendar day period.

 

Id. § 214.0012(a). 
Appellants predicate the district court’s subject matter jurisdiction on
section 214.0012(a).

The City responds that section 214.0012 does not establish
a right to judicial review in this case because (1) it applies only to orders
issued pursuant to section 214.001; and (2) the August 15, 2008 order to vacate
was not issued pursuant to section 214.001.  The August 15, 2008 order to
vacate states that it was issued “[p]ursuant to Section 104.12 of the [City of
Houston Building Code].”  The City asserts on appeal that it amended building
code section 104.12 in January 2008 to authorize issuance of orders to vacate
dangerous buildings under authority granted in Texas Local Government Code section
214.216.[4] 


As amended in January 2008, building code section
104.12 states in part as follows: “If the use or occupancy of the structure
creates a serious and immediate hazard to human life or to property, the
building official shall order the use discontinued immediately and may order
the structure, or a portion thereof, vacated immediately.”  Houston, Tex.,
Ordinance 2008-56 (Jan. 23, 2008).[5]   


The City argues that sections 214.001 and 214.216 of
the Texas Local Government Code are independent sources of authority for
municipalities “to order that a dangerous building be evacuated,” and that the
City is not “compelled to follow the Section 214.001 procedure[] to the
exclusion of other lawful processes.”  The City further argues that
municipalities can issue orders to vacate under section 214.216 “in an emergent
situation, such as the one presented by the facts in this case,” and to enforce
building codes.  The City stated at oral argument that this is the first
instance in which it has invoked section 214.216 of the Local Government Code
and newly amended section 104.12 of the building code to require occupants to
vacate an assertedly dangerous building.      

Given these arguments, the issue before us is whether
the judicial review procedure established in section 214.0012 applies to the
City’s August 15, 2008 order to vacate.  To determine whether section 214.0012 establishes
a right to judicial review, we construe Texas Local Government Code sections
214.001, 214.0012, and 214.216 in light of the Code Construction Act.  See
Tex. Gov’t Code Ann. §§ 311.021-311.034 (Vernon 2005).  

It is helpful to review some of the ground rules at
the outset.  Courts must not confine their review of a statute to isolated words,
phrases, or clauses, but instead must examine the entire statute.  See
Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001); Tex.
Workers’ Comp. Ins. Fund v. Del Indus., Inc., 35 S.W.3d 591, 593 (Tex. 2000);
see also Tex. Gov’t Code Ann. § 311.021(2) (Vernon 2005) (“In
enacting a statute, it is presumed that . . . the entire statute is intended to
be effective[.]”).  When two statutes concern the same subject matter, the more
specific statute generally controls over the more general statute.  Tex. Gov’t
Code Ann. § 311.026(b) (Vernon 2005).  We presume that the legislature
intended the entire statute to be effective.  See id. § 311.021.  “‘[I]t is settled
that every word in a statute is presumed to have been used for a purpose; and a
cardinal rule of statutory construction is that each sentence, clause and word
is to be given effect if reasonable and possible.’”  Del Indus., Inc.,
35 S.W.3d at 593 (quoting Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963)). 
Courts should not adopt a construction that renders the statutory provisions
meaningless.  Fleming Foods of Tex. v. Rylander, 6 S.W.3d 278, 284 (Tex.
1999). 

Appellants argue that judicial review of the August
15, 2008 order to vacate is available here in light of the rules of
construction that apply when statutory provisions are in pari materia. 
Statutes are in pari materia when they involve the same subject matter
and general purpose.  Jones v. State, 225 S.W.3d 772, 782 (Tex. App.—Houston
[14th Dist.] 2007, no pet.); see also Black’s
Law Dictionary 807 (8th ed. 2004) (in pari materia means “[o]n
the same subject; relating to the same matter”).  Appellants contend that
sections 214.001, 214.0012, and 214.216 are in pari materia.  

To address this argument, we first examine the
purpose behind these provisions.  See Jones, 225 S.W.3d at 782.  Sections
214.001, 214.0012, and 214.216 are all part of Texas Local Government Code
chapter 214.  Section 214.001 permits a municipality to enact an ordinance concerning
the “vacation, relocation of occupants, securing, repair, removal, or
demolition of a building that is . . . dilapidated, substandard, or unfit for
human habitation and a hazard to the public health, safety, and welfare[.]” 
Tex. Local Gov’t Code Ann. § 214.001.  Section 214.0012 establishes
judicial review procedures for orders issued under section 214.001.  See id.
§ 214.0012.  Section 214.216(a), which became effective on January 1,
2006, adopts the International Building Code as “a municipal commercial
building code in this state” to “protect the public health, safety, and welfare
. . . .”  Id. § 214.216(a).  We agree with appellants that sections
214.001, 214.0012 and 214.216 are in pari materia because they involve
the same subject matter relating to conditions of buildings and serve the same
general purpose of protecting “the public health, safety and welfare.”[6]  See Jones,
225 S.W.3d at 782.  

The doctrine of in pari materia “provides that
‘[w]here one statute deals with a subject in general terms, and another deals
with a part of the same subject in a more detailed way, the two should be
harmonized if possible; but if there is any conflict, the latter will
prevail.’”  Jones, 225 S.W.3d at 780 (quoting Burke v. State, 28
S.W.3d 545, 546-47 (Tex. Crim. App. 2000)).  The common law doctrine of in
pari materia has been codified in the Code Construction Act.  See
Tex. Gov’t Code Ann. § 311.026; Bradley v. State, 990 S.W.2d 245,
251 (Tex. 1999); Jones, 225 S.W.3d at 782.  Section 311.026 provides as
follows:

(a)
If a general provision conflicts with a special or local provision, the
provisions shall be construed, if possible, so that effect is given to both.

 

(b)
If the conflict between the general provision and the special or local
provision is irreconcilable, the special or local provision prevails as an
exception to the general provision, unless the general provision is the later
enactment and the manifest intent is that the general provision prevail.

 

Tex. Gov’t Code Ann. § 311.026. 
  

Section 214.216 is a “general provision” that grants
municipalities broad authority to administer, enforce, and amend all facets of
the International Building Code adopted as “a municipal commercial building
code in this state.”  Tex. Local Gov’t Code Ann. § 214.216(a), (c).  Section
214.216 contains no specific references to dangerous buildings or orders to
vacate.  See id.  In contrast, section 214.001 is a “special provision”
that grants municipalities specific authority to order the “vacation,
relocation of occupants, securing, repair, removal, or demolition of a
building” that is “dilapidated, substandard, or unfit for human habitation and
a hazard to the public health, safety, and welfare.”  Id. § 214.001. 
Section 214.001 contains additional specific requirements that ordinances
enacted under section 214.001 must meet.[7] 
Id.  Section 214.0012 establishes the specific judicial review procedure
to be pursued by owners or other specified interest holders who are “aggrieved
by an order of a municipality issued under Section 214.001.”  See id. § 214.0012.
     

As interpreted by the City, sections 214.001,
214.0012, and 214.216 conflict.  Section 214.0012 makes judicial review
available for an order issued under section 214.001 requiring occupants to
vacate a dilapidated building that is “a hazard to the public health, safety,
and welfare.”  According to the City, judicial review is not available for an identical
order issued under section 214.216 requiring the same occupants to vacate the
same dilapidated building that creates the same hazard. 

The City contends that sections 214.001 and 214.216
are independent sources of authority for municipalities “to order that a dangerous
building be evacuated,” and that it can act under any applicable provision it
chooses to invoke.  This argument impermissibly renders meaningless the
judicial review mechanism established in section 214.0012.  

Under the City’s argument, municipalities could
bypass section 214.0012’s judicial review procedures merely by amending the
International Building Code under section 214.216 (as the City asserts it has
done) to add provisions addressing the “vacation, relocation of occupants,
securing, repair, removal, or demolition” of a “dilapidated building.”  By
doing so, municipalities could evade judicial review procedures mandated for
such orders in section 214.0012.  This approach is contrary to the Code
Construction Act, and it renders section 214.0012 superfluous.  See Tex.
Gov’t Code Ann. § 311.021(2) (“In enacting a statute, it is presumed that
. . . the entire statute is intended to be effective[.]”).    

If statutory provisions conflict, “the provisions
shall be construed, if possible, so that effect is given to both.”  Id. § 311.026(a).  If
the conflict is irreconcilable, “the special or local provision prevails as an
exception to the general provision, unless the general provision is the later
enactment and the manifest intent is that the general provision prevail.”  Id.
§ 311.026(b).    

Sections 214.001, 214.0012, and 214.216 can be harmonized
to give effect to all sections in the circumstances presented in this case,
which involve an order to vacate a building that is asserted to be a serious
and immediate hazard to human life.  These provisions can be harmonized by
making an order to vacate a dangerous building issued under section 214.216 subject
to section 214.0012’s judicial review procedures.  Even if it is assumed for
argument’s sake that the provisions cannot be harmonized, then judicial review
still is mandated because the specific provisions in sections 214.001 and
214.0012 control over the general provisions in section 214.216.  See Tex.
Gov’t Code Ann. § 311.026(b).  The City does not identify any portion of
section 214.216 demonstrating a manifest intent that it should prevail over
sections 214.001 and 214.0012. 

The City argues that section 214.216 creates an
exception to section 214.0012’s judicial review mechanism when the order to
vacate is issued to enforce its building code “in an emergent situation.”  The
City claims that emergency circumstances necessitated reliance upon section
214.216 here because there was no time for judicial review of the August 15,
2008 order directing the occupants of Park Memorial to vacate.  This argument
fails because issuance of a writ under section 214.0012(e) “does not stay
proceedings on the decision appealed from.”  Id. § 214.0012(e). 
Therefore, the application of section 214.0012 would not impede a
municipality’s ability to order occupants to vacate a dangerous building in
emergency circumstances under either section 214.001 or section 214.216.    

Even assuming that the City’s emergency circumstances
argument raises a legitimate concern in some situations, the record here does
not support the City’s assertion that emergency circumstances prompted issuance
of the August 15, 2008 order to vacate.  The City became aware of concerns
about the structural integrity of the Park Memorial buildings in July 2008 but
did not issue the order to vacate until August 15, 2008.  The order gave
residents 30 days to vacate the buildings.  On September 11, 2008, the City extended
the deadline until October 1, 2008 due to the approach of Hurricane Ike.  Hurricane
Ike made landfall on Galveston Island on September 13, 2008.  The deadline
extension as Hurricane Ike approached defeats any claim that an emergency
existed at Park Memorial; the City is hard-pressed to suggest that portions of
the Park Memorial complex were in danger of immediate collapse but occupants nonetheless
were allowed to ride out a hurricane there.  

The City next argues that judicial review will hamper
enforcement of the City’s building code.  The August 15, 2008 order to vacate
states that it was issued “[p]ursuant to Section 104.12 of the [City of Houston
Building Code.]”  Building Code section 104.12 refers to a structure “being
used contrary to [the City of Houston Building Code] or otherwise in violation
of [the City of Houston Building Code].”  See Houston, Tex., Ordinance
2008-56 (Jan. 23, 2008).  The record on appeal and the City’s brief identify no
provision of the City of Houston Building Code or the International Building Code
that was being violated.  At oral argument, the City could not identify a
provision of either building code that was being violated by the condition of
the Park Memorial buildings.  The City has not demonstrated that the August 15,
2008 order to vacate relates to the “administration and enforcement of the
International Building Code” on this record.  Therefore, the City cannot plausibly
argue on this record that judicial review will impede building code
enforcement. 

The City also argues that judicial review of orders
to vacate issued under section 214.216 would be burdensome on the district
courts: “[I]f every person with an interest in any structure could file suit
seeking judicial review of any determination by an inspector that a building
did not meet the requirements of the Building Code, trial courts would be
overwhelmed.”  The City’s argument is misdirected because it addresses
circumstances that are not present in this appeal.  Our holding is limited to
situations in which the City invokes authority granted under section 214.216 to
bypass judicial review of orders requiring occupants to vacate a building that
is deemed to be “dilapidated, substandard, or unfit for human habitation and a
hazard to the public health, safety, and welfare.”  We do not address whether
section 214.0012 provides a right to judicial review regarding “any
determination by an inspector” in connection with enforcement of a municipal
building code in other situations.[8]  


B.        Compliance with
Section 214.0012 

Having concluded that section 214.0012 applies to
this case, we next determine whether appellants complied with this provision.

In order to properly invoke the jurisdiction of a district
court under section 214.0012, a plaintiff must file a verified petition in
district court “setting forth that the decision is illegal, in whole or in
part, and specifying the grounds of the illegality” within 30 days of receipt
of a copy of the final decision of the municipality.  Tex. Local Gov’t Code Ann.
§ 214.0012.  

After examining the pleadings in this case, we
conclude that the pleadings contain sufficient facts to affirmatively
demonstrate the district court’s jurisdiction under section 214.0012.  The City
issued a final decision on September 10, 2008 affirming the August 15, 2008 order
to vacate.  Appellants timely filed a petition for writ of certiorari challenging
the City’s decision with accompanying affidavits in the district court 21 days
later on October 1, 2008.  Appellants complied with section 214.0012. 
Therefore, we conclude that the district court erred in granting the City’s
plea to the jurisdiction.

We sustain the sole issue on appeal.

Conclusion

We reverse the district court’s order dismissing
appellants’ case for want of jurisdiction and remand for further proceedings in
accordance with this opinion.

                                                                                                

                                                            /s/                    William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices Frost,
Boyce, and Sullivan.                                                                           









[1] Appellants do not seek
damages in connection with the August 15, 2008 order to vacate.





[2] Appellants also filed an
interlocutory appeal on November 5, 2008 challenging the trial court’s order
denying their request for a temporary injunction.  We dismissed the
interlocutory appeal as moot.    





[3]  Section 214.001 provides in part as follows:

 

(a) A municipality may, by ordinance, require the
vacation, relocation of occupants, securing, repair, removal, or demolition of
a building that is:

 

(1) dilapidated,
substandard, or unfit for human habitation and a hazard to the public health,
safety, and welfare; 

 

(2) regardless of
its structural condition, unoccupied by its owners, lessees, or other invitees
and is unsecured from unauthorized entry to the extent that it could be entered
or used by vagrants or other uninvited persons as a place of harborage or could
be entered or used by children; or 

 

(3) boarded up,
fenced, or otherwise secured in any manner if: 

 

(A) the building
constitutes a danger to the public even though secured from entry; or 

 

(B) the means used
to secure the building are inadequate to prevent unauthorized entry or use of
the building in the manner described by Subdivision (2). 

 

(b) The ordinance must:

 

(1) establish
minimum standards for the continued use and occupancy of all buildings
regardless of the date of their construction; 

 

(2) provide for
giving proper notice, subject to Subsection (b-1), to the owner of a building;
and 

 

(3) provide for a
public hearing to determine whether a building complies with the standards set
out in the ordinance. 

 

Tex. Local Gov’t Code Ann. § 214.001.  





[4] Section 214.216 provides
as follows:

(a) To protect the public health, safety, and welfare,
the International Building Code, as it existed on May 1, 2003, is adopted as a
municipal commercial building code in this state.

 

(b) The
International Building Code applies to all commercial buildings in a
municipality for which construction begins on or after January 1, 2006, and to
any alteration, remodeling, enlargement, or repair of those commercial
buildings.

 

(c) A municipality
may establish procedures:

 

(1) to adopt local
amendments to the International Building Code; and 

 

(2) for the
administration and enforcement of the International Building Code. 

 

(d) A municipality
may review and consider amendments made by the International Code Council to
the International Building Code after May 1, 2003.

 

(e) A municipality
that has adopted a more stringent commercial building code before January 1,
2006, is not required to repeal that code and may adopt future editions of that
code.

 

Id. § 214.216 (Vernon 2008).





[5]
Although the City asserts on appeal that it was acting
pursuant to section 214.216 when it issued the August 15, 2008 order to vacate,
the ordinance by which building code section 104.12 was amended in January 2008
does not refer to section 214.216.  The ordinance expressly invokes Texas Local
Government Code section 54.004 as statutory authority for the building code
amendment adding the language upon which the August 15, 2008 order to vacate
was predicated.  See Houston, Tex., Ordinance 2008-56 (Jan. 23, 2008).

 

Section 54.004 provides as
follows:

 

A home-rule municipality may enforce
ordinances necessary to protect health, life, and property and to preserve the
good government, order, and security of the municipality and its inhabitants.

 

Tex. Local Gov’t Code Ann. § 54.004
(Vernon 2008).





[6] As noted earlier, the
City invokes section 214.216 on appeal even though the January 2008 amendment
to building code section 104.12 expressly references a different statute. 
There is an additional anomaly in the City’s argument.  Section 214.216(a) refers
to the adoption of the International Building Code “as a municipal commercial
building code in this state.”  Tex. Local Gov’t Code Ann. § 214.216(a).  In contrast, Texas Local Government
Code section 214.212(a) refers to the adoption of the International Residential
Code “as a municipal residential building code in this state.”  Id.
§ 214.212(a) (Vernon 2008).  The City does not explain why the condition
of the Park Memorial residential condominium complex relates to “a municipal
commercial building code” under section 214.216(a) rather than “a municipal
residential building code” under section 214.212(a).





[7] An ordinance enacted
under section 214.001 must: 

(1) establish minimum standards for
the continued use and occupancy of all buildings regardless of the date of
their construction; 

(2) provide for giving proper
notice . . . to the owner of a building; and 

(3) provide for a public hearing to
determine whether a building complies with the standards set out in the
ordinance.

 

Id. § 214.001(b).





[8]
Because we conclude
that section 214.0012 applies to this case, we do not address whether the district
court had jurisdiction to hear this case based on the contention that the order
to vacate adversely affected appellants’ vested property rights.  See Tex. Workers’ Comp. Comm’n v. Patient Advocates of
Tex., 136 S.W.3d 643, 658-59 (Tex.
2004).